CATHERINE E. O'BRIEN *vs.* DENNIS W. MAHONEY.

Norfolk.   March 12, 13, 1901. — May 24, 1901.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Partition*, Writ of, Right of tenant in common.   *Probate Court*, Jurisdiction.

Writs of partition, recognized by Pub. Sts c. 178, § 1, still may be used in this Commonwealth, although abolished in England in 1834, and superseded here in practice by petitions for partition.

By the great weight of authority, every co-tenant is entitled as a matter of right to a partition. Per HAMMOND, J.

The general rule is that a tenant in common is entitled to partition as a matter of right, and the facts, that the estate of an ancestor, whose two heirs at law hold as tenants in common, is in course of settlement, that the uncontested charges against the estate exceed the amount of personal property shown by the inventory, and that one of the heirs at law has a pending claim against the estate greater, if sustained in full, than the inventoried value of both the real and per-

sonal property of the estate, afford no ground for denying a partition to the other heir at law.

Pub. Sts. c. 178, § 43, providing that where a party after partition of lands has been evicted from his share he is entitled to a new partition, applies to a partition made in the Probate Court, which under Pub. Sts. c. 178, § 45, has concurrent jurisdiction with the Supreme Judicial Court and Superior Court of petitions for partition in cases where the shares or proportions do not appear to be in dispute or uncertain.

Under Pub. Sts. c. 178, § 45, giving to the Probate Court concurrent jurisdiction with the Supreme Judicial Court and Superior Court of petitions for partition of lands in cases where the shares or proportions do not appear to be in dispute or uncertain, if the parties are heirs at law of an unsettled estate and their respective shares and proportions are ascertained, the Probate Court has jurisdiction, regardless of the fact that the estate of the ancestor is in course of settlement.

PETITION by one of the two heirs at law of Dennis Mahoney against the other for partition of certain real estate in Hyde Park, filed in the Probate Court for the County of Norfolk April 1, 1898.

In the Probate Court, *Flint*, J., ordered partition as prayed, and the respondent appealed.

The case came on to be heard on appeal before *Lathrop*, J., who, at the request of the parties, reserved it for the consideration of the full court upon the petition, the decrees thereon, and the agreed facts.

The following appeared by the agreed facts : The premises mentioned and described in the petition were owned by Dennis Mahoney at the time of his death on February 21, 1897. Dennis Mahoney left a widow, and two children, one of whom is the petitioner and the other the respondent. The widow died on April 21, 1897.

The petitioner and respondent were the only heirs at law of Dennis Mahoney and of his widow. Dennis Mahoney and his widow both died intestate, and no dower or other interest in the lands was ever set off to the widow, or specifically claimed by her.

The respondent, Dennis W. Mahoney, was duly appointed administrator of the estate of his father, Dennis Mahoney, the petitioner, his sister, assenting to the appointment. The petitioner alleges that at the time of giving such assent she was ignorant that any claim was made by her brother upon the estate of her father, and the respondent alleges that she knew that he had a claim against the estate.

On April 27, 1898, the respondent filed an account as administrator in the Probate Court for the County of Norfolk, and the account, upon the remonstrance of the petitioner, was referred by the Probate Court to an auditor, and the hearings before the auditor were not closed at the time of the reservation of this case.

The inventory of the estate of Dennis Mahoney showed personal property valued at $368.85 and real estate valued at $18,771.40. It was agreed that the uncontested charges against the estate exceeded the amount of the personal property shown in the inventory. The amount claimed by the respondent to be due to him from the estate according to the account filed by him as administrator and pending before the auditor was $19,621.24.

*C. F. Jenney,* for the respondent.

*F. Rackemann,* (*J. D. Colt* with him,) for the petitioner.

HAMMOND, J. Upon this petition filed in the Probate Court by one of the two heirs of Dennis Mahoney, deceased, intestate, the court ordered a partition to be made. The respondent appealed, and in support of the appeal insists that the settlement of the estate has not reached such a stage as to make it proper to order partition, because there is a large claim still pending against the estate and the land in question is liable to be sold for the payment of debts. It appears in the statement of agreed facts that the uncontested charges against the estate exceed the amount of personal property shown in the inventory, and that the respondent in the account filed in the Probate Court asks to be allowed several thousand dollars which he claims to be due to him from the estate. If his claims are finally sustained in full, the amount due him will exceed the inventoried value of both the real and personal estate, the real estate being inventoried at nearly $19,000 and the personal at less than $400. This account, upon motion of the petitioner, was referred by the Probate Court to an auditor, who is still engaged in the hearing. From the nature of the claim it is possible that the litigation may continue for some time.

Neither as administrator, nor as creditor, is the respondent interested in this question, because partition, if made, cannot affect him in either capacity. His only standing in this pro-

ceeding is as a tenant in common with the petitioner, and the question is whether against him as such the partition at this time should be ordered.

By the common law of England the writ of partition could issue only in favor of a parcener, but quite early the remedy was extended by statute to joint tenants and tenants in common of estates of inheritance, of freehold, and for years. Co. Lit. 167 *a.* St. 31 Hen. VIII. c. 1. St. 32 Hen. VIII. c. 32. All-natt on Partition, 53, 56. The common law, as thus modified by statute, became a part of our common law when our ancestors came to this country, and was recognized by our provincial statutes, 6 Dane Abr. 479, § 3, *Cook* v. *Allen*, 2 Mass. 462, *Mussey* v. *Sanborn*, 15 Mass. 155, Prov. St. 1693, c. 8; 1 Prov. Laws (State ed.) 122, Prov. St. 1753–54, c. 18; 3 Prov. Laws (State ed.) 710, Anc. Chart. 258, 603, and afterwards by the statutes of the Commonwealth; and to this day the writ may be used here, St. 1785, c. 62, § 2, Rev. Sts. c. 103, § 1, Gen. Sts. c. 136, § 1, Pub. Sts. c. 178, § 1, although for two generations it has been abolished in England. St. 3 & 4 Wm. IV. c. 27, § 36.

But the writ failed to meet the exigencies which frequently arose in practice, and the same reasons, which led to the jurisdiction of equity in England over cases of partition, led in this Province and State to the introduction of a method of partition by proceedings under a petition, either in a common law court, or before a judge of probate; and this remedy, extended and improved from time to time, has substantially superseded in practice the old writ. See among others Prov. Sts. 1748–49, c. 12; 3 Prov. Laws (State ed.) 426; 1753–54, c. 18; 3 Prov. Laws (State ed.) 710; Anc. Chart. 568, 603; St. 1783, c. 41; Rev. Sts. c. 103; Gen. Sts. c. 136; Pub. Sts. c. 178. The writ at common law issued as of right, and, the title of the petitioner being established, partition was ordered as of course, even to the great inconvenience and loss of the parties. The great weight of authority is that every co-tenant is entitled as matter of right to a partition. Allnatt on Partition, 85. Freeman on Partition, § 433, and cases there cited. *Parker* v. *Gerard*, Amb. 236. *Hanson* v. *Willard*, 12 Maine, 142, 147.

And such is the rule under our statutory proceedings. This court in *Mitchell* v. *Starbuck*, 10 Mass. 5, 12, said: " It is essen-

tial to an estate in common to be subject to partition "; in *Potter* v. *Wheeler*, 13 Mass. 504, 507: "It is always in the power of one tenant in common to enforce a partition "; and in *Crocker* v. *Cotting*, 170 Mass. 68, 70: "Partition is a matter of right." In this latter case some of the leading authorities were cited. See also Pub. Sts. c. 178, § 1. No man can be held to a tenancy in common of land without his own consent. This rule is at once the privilege and burden of such ownership.

Upon the death of the intestate, the land in question went to his heirs, the petitioner and the respondent, as tenants in common. If needed, a part or the whole of it, may be sold by the administrator for the payment of claims against the estate, but until so sold the title is in the heirs. It is not suggested that it cannot be physically divided so that each tenant can hold in severalty. It may be that hereafter the land, or some part of it, may be sold for the payment of debts, but it is not certain that any of it will be, or that, if any is sold, the equality of the partition will be substantially disturbed. Indeed, if there be a partition, and a sale afterward is necessary, it is within the power of the Probate Court to see to it that the land selected for sale be such that the equality be not disturbed. To say that there shall be no partition until it is apparent that neither of the parties can be evicted by any sale by the administrator, is to say that, in cases where any part of the land may be needed for the debts, the heirs shall be deprived of a right to partition, as to any of it, and cannot have the consolation of individual ownership during the little time the law casts the title upon them. The litigation over this account of the administrator may extend for years, and meanwhile upon this theory the petitioner must endure the inconveniences of common ownership.

Nor can any injustice be done to the parties. In case of any eviction by sale after the partition, the evicted party is not without remedy. Such eviction would be by a title older and better than that of the parties to the partition, and would come within the terms of Pub. Sts. c. 178, § 43. It is true that this section as originally enacted was made applicable only to a partition by proceedings in the common law courts, but it was simply declaratory of the common law. By that law a parcener, in case of eviction, could defeat the partition or obtain a recom-

pense for the part she lost, and the right of recompense *pro rata* was given by the statutes of ·Henry above mentioned to joint tenants and tenants in common.   Co. Lit. 174 *a*.   St. 31 Hen. VIII. c. 1, § 3.   And this is a part of our common law, and the rule prevails in the statutory proceedings in our common law courts.   In *Cook* v. *Allen*, 2 Mass. 462, 473, wherein the court had occasion to consider the effect of a partition .made in this court under a statutory proceeding, Parsons, C. J., said that if a right of possession passed by the judgment of partition so that the petitioner " became sole seized under it, then, if the owner should bring his writ of right, and evict him by a title paramount, he would ·be entitled to a new partition of the residue."   The rule stated in Pub. Sts. c. 178, § 43, that, if the tenant was evicted of any part of the share assigned to him he might have a new partition of the residue as if no partition had been made, first appears as a statute in Rev. Sts. c. 103, § 42, and was there inserted upon the recommendation of the commissioners, who say in a note that the " rule is taken from the opinion of the court in 2 Mass. 473; and is in accordance with the common law on the same point."   See also the cases cited in Freeman on Partition, § 533.   It is true that this petition is in the Probate Court and, in view of the peculiar language of the early statutes conferring upon that court the power to make a distribution of land among the heirs of an estate in process of settlement therein, (see Prov. Sts. 1692–93, c. 14; 1 Prov. Laws (State ed.) 43; 1760–61, c. 13; 4 Prov. Laws (State ed.) 400; Anc. Chart. 230, 634; St. 1783, c. 36, § 4; St. 1817, c. 190, § 24,) and of the limited jurisdiction of that court, there might be a question as to whether this rule was applicable to a partition made therein.   But by St. 1869, c. 121, probate courts were empowered to make partition of lands held by joint tenants, parceners, and tenants in common, when the shares are not in dispute, in all cases.   St. 1874, c. 266, repealed this statute, but provided that such courts should have concurrent jurisdiction with the Supreme Judicial Court and the Superior Court of petitions for the partition of lands held by joint tenants, coparceners, or tenants in common, in cases where the shares do not appear to be in dispute or uncertain, with a proviso that, whenever in the progress of the case it appears to the judge that the

shares are in dispute or uncertain, " the court may order the case removed to the Superior Court, and the case shall be so removed at the request of any party in interest." This statute was re-enacted in Pub. Sts. c. 178, §§ 45–47.

The Probate Court, in exercising jurisdiction under this statute, must be held to be doing the same work with like result to all parties, as if it were done in either of the other courts; and Pub. Sts. c. 178, § 43, must be held applicable to the work thus done and the rights of the parties under it. While the petition in this case recites that the estate of the ancestor is in course of settlement in the court, still it gives the names of the parties, sets out the respective shares and proportions, and alleges that they are not in dispute or uncertain ; and the decree of the court recites that the shares or proportions are not in dispute. This finding gives the court jurisdiction under Pub. Sts. c. 178, § 45, whether the estate of the ancestor is in course of settlement or not, as to which the decree in this case makes no recital.

Under these circumstances, we see no reason why the land should not be divided.

*Decree affirmed.*