Martha J. Smith, Appellee, v. Peter Smith, et al., Appellants..

**Appeal:** FILING OF TRANSCRIPT: TRIAL DE NOVO. Upon a failure to
1  file a transcript of the evidence within six months from the
date of the decree the appellate court, under the former statute,
had no authority to try the case *de novo,* but should assume
that the evidence supported the decree.

**Same.** Where a party failed to order his transcript until so near
2  the expiration of the six months allowed by statute in which to
file the same, that it was a physical impossibility for the re-
porter to make it within the time, refusal to enter an order to
that effect was not erroneous.

**Trusts:** ESTOPPEL: LACHES: LIMITATIONS. A widow, whose hus-
3  band in his lifetime purchased land with her money and taking
the title in his own name told her he had so arranged that it
would belong to her upon his death, is not estopped from claim-
ing the land by a failure to assert her rights until after his
death; nor is the transaction within the statute requiring that
proof of the trust must be in writing; nor will the statute of
limitations commence to run until there is a repudiation of the
trust.

**Administration:** ACCOUNTING FOR RENTS. A widow in possession of
4  real property pending a settlement of the estate should ac-
count for rents in the estate proceeding rather than in an ac-
tion for partition.

**Partition of estates.** An action for partition of estate property
5  cannot be defeated by simply showing that the estate is unset-
tled.

**Same:** TAXATION OF ATTORNEY'S FEES. Attorney's fees may be taxed
6  in a partition proceeding, where there is no dispute as to the
property, although both parties are represented by counsel and
contest other matters.

*Appeal from Lee District Court.*— Hon. Henry Bank,
Judge.

Friday, October 19, 1906.

REHEARING DENIED, FRIDAY, JANUARY 18, 1907.

ACTION in equity for the partition of real estate. From the decree entered, both parties appeal, but the defendants. having first perfected their appeal are designated as appellants. The further material facts are stated in the opinion. — *Affirmed.*

*John L. Benbow,* for appellants.

*Herminghausen & Herminghausen,* for appellee.

WEAVER, J.— Daniel D. Smith died intestate January 5, 1902, seised of certain real estate in Lee county, Iowa. He left surviving him a widow who is the plaintiff in this case. He was childless and his only heirs are certain collateral relatives who are made defendants in the proceeding. The petition shows these facts and avers that Smith died seised of a certain 120-acre tract of land in said county, of which the widow asks to be adjudged the owner of an individual one-half, and that partition be adjudged accordingly. The action was begun within one year after the death of Smith, but the petition avers that his estate is solvent, and there will be no occasion to resort to the land for the payment of claims. Upon motion of the defendants, plaintiff amended her petition to include a statement of the rents and income received by her from the land in question and disbursements made by her on account thereof. She further avers that her husband in his lifetime having in his possession moneys and credits belonging to her, used the same without her consent and over her protest to build a barn and make other improvements on said land, assuring her that he had so arranged his affairs that the land would become hers in the event of his death, and upon this showing she asks that she be decreed to have an equitable interest in, or lien upon, said land for the moneys so appropriated by her husband to the amount of $900.

The defendants answered in denial, and thereafter, by way of cross-petition, allege that, in addition to the land already mentioned, Daniel D. Smith died seised of a certain lot in Fort Madison, Iowa, of which they demand partition, and an accounting of rents and profits.

Answering the cross-petition the plaintiff alleges that the lot in question was purchased with her money and the title thereto taken in the name of her husband without her knowledge or consent. She further alleges that when she learned that her husband had taken the title to himself he explained that it would make no difference as he had so arranged his affairs that all the property should be hers at his death and that proper papers had been executed to secure this result — and upon these averments she asks that the title be adjudged to have been held by her husband in trust for her benefit, and the title be now quieted in her. In reply to this answer the defendants aver that, plaintiff having failed to move in the matter in the lifetime of her husband, she is estopped from now insisting upon her alleged title.

Upon trial to the court a decree was entered adjudging the plaintiff to be the owner of an undivided one-half of the 120 acres of land, and dismissing her claim for a lien on said land on account of improvements thereon alleged to have been made with her money. As to the lot in Fort Madison the court found for the plaintiff that she was the equitable owner thereof and quieted her title thereto. By a supplemental decree the prayer of the defendants for an accounting by the plaintiff was denied, because such accounting had already been made by said plaintiff in her report to the court as administrator of her husband's estate. The costs made on the cross-petition were taxed to the defendants. The decree of partition was entered November 12, 1904, and, on April 27, 1905, defendants applied to the district court for an order requiring the shorthand reporter to make a complete transcript of the record and evidence, and file the same duly

certified on or before May 11, 1905.   This application was
resisted by the reporter who made showing that, by reason
of the shortness of the time and prior official engagements
which he could not properly postpone, it was not possible
for him to furnish the transcript as demanded.   The appli-
cation was denied, and error is assigned upon the ruling.
On May 9, 1905, notices of appeal by both plaintiff and de-
fendants were duly served.   On July 14, 1905, an order was
entered directing the referees to pay the costs incurred in
the partition proceedings including fees to plaintiff's coun-
sel and to the referee, to retain in his hands subject to the
further order of the court the sum of $1,100 and to dis-
tribute the remainder to the parties pro rata according to
their several interests in the property.   From this order, de-
fendants have also appealed.

I. To authorize the court to consider the case *de novo,*
our statute, as it stood at the time this appeal was taken, re-
quired the certified transcript of the evidence to be made and
filed within six months from the date of the
judgment or decree from which the appeal
was taken.   This has been so often upheld
that we need not stop to cite the numerous authorities.
There is no such certification in the case before us, and we
must assume that the decree has sufficient support in the tes-
timony.

1. APPEAL:
filing of
transcript;
trial *de novo.*

Nor was there any error under the circumstances in the
refusal of the trial court to order the reporter to make and
file the transcript in the short time demanded by appellants.
It is true that the statute provides for the cer-
tification of the record by the judge and re-
porter " when demanded by either party," but it certainly
cannot be rightfully demanded until the transcript has been
made, and the transcript certainly cannot be furnished in-
stanter upon a party's application.   The law allows six
months in which an appeal can be taken, thus affording am-
ple opportunity for parties and counsel to procure and file

2. SAME.

all necessary transcripts. If a party postpones or neglects to take his appeal and to order his transcript until so near the expiration of the period that it is physically impossible to complete the record in time, he does so at his peril, and the trial court may rightfully decline to enter any order which it knows that the reporter, in the exercise of reasonable diligence, cannot comply with. Such appears to have been the situation here. The time for the appeal from the decree was to expire May 11, 1905. The defendants did not appeal until May 9, 1905, and their application for an order for transcript was not made until April 27, 1905. The reporter was busy with other transcripts requiring his time and attention. The demand of appellants that he should at once produce their transcript was unreasonable and was properly denied. In this discussion we do not attempt to construe or determine the effect of the amendment to the statute found in chapter 155, Laws Thirty-First General Assembly which was enacted after the time for appeal in the instant case had expired.

II. We have, however, examined the evidence as submitted in the abstracts and are satisfied that the trial court reached a correct conclusion. It clearly appears that the purchase of the lot in Fort Madison was made with plaintiff's money and under circumstances supporting her claim to its equitable ownership. It would be unprofitable to spend time in discussing the evidence, but we have to say that, after giving due consideration to all the testimony of all the witnesses and discarding all the admissibility of which is involved in any doubt, we think the plaintiff entitled to the relief granted her. Neither do we find any laches on plaintiff's part which will estop her from claiming her rights in the premises. The deceased quieted her complaints by the assurance that he had arranged his affairs to protect her, and he doubtless intended to do so. He was in effect her trustee, and the statute of limitations will not run against the trust until there

3. TRUSTS: estoppel: laches: limitations.

has been some denial or repudiation of it by the trustee Nor does it come within the contemplation of the statute requiring all express trusts to be proved by writing.

III. There was no error in the ruling of the court which relegated the matter of accounting for rents to the settlement of the accounts of the plaintiff as administrator. In that

4. ADMINISTRA-
TION: account-
ing for rents.

capacity, in the absence of other heirs, she had the right to take possession of the land and receive the rents thereof, and the probate court was the proper place for her to account. Code, section 3333. Whether, as widow in possession pending the assignment of dower, or as tenant in common with the heirs, she is chargeable with liability to make such an accounting, we need not here determine.

IV. The fact that the estate of the ancestor had not been fully settled is no defense to the action of partition. No authority is cited to the effect that action of partition

5. PARTITION OF
ESTATES.

will not lie until the estate of the ancestor is fully settled. In *Minear v. Hogg,* 94 Iowa, 644, it is suggested that during the first year of administration partition " cannot safely be made." It was, however, there distinctly decided that the action need not wait until the estate was finally settled, and if the suggestion that partition cannot safely be made during the first year be not obiter it at least goes no further than to suggest that determination of a suit for partition may well be postponed until there is some satisfactory showing that the land will not be required for the payment of claims. In the present case the decree for partition was not entered until nearly three years after the death of the ancestor, and there is no pretense that there was at the time any occasion to delay the decree for the purpose of settling the estate. The case of *Thomas v. Thomas,* 73 Iowa, 657, to which we are cited, holds simply that the widow cannot be compelled to elect between dower and homestead rights until the claims have been filed and the real condition of the estate is ascertained.

The appellant's objection to the allowance of attorney's fees are not well taken. We have held that where there is a dispute as to the ownership of the subject and both parties are represented by counsel attorney's fees will not be taxed. *McClain v. McClain,* 52 Iowa, 272; *Duncan v. Duncan,* 63 Iowa, 150; *Everett v. Croskrey,* 101 Iowa; 17. In the instant case, so far as the land which plaintiff sought to have partitioned is concerned, there was and is not the slightest controversy concerning its ownership or the respective share to which the parties are entitled. Appellants appeared therein, not to contest the title as alleged by the appellee, but to introduce and litigate another claim. It follows, we think, that, as to the partition of this tract, there was no error in assessing the fees provided by statute.

6. SAME: taxation of attorneys' fees.

Appellants also complain of the taxation of the costs and of other rulings in the course of the proceedings, but, without attempting to consider them *seriatim,* we may say that we have examined the record as to each point made and think none of them can be sustained.

V. Concerning the plaintiff's appeal it need only be said that the issue discussed turns solely upon questions of fact on which plaintiff had the burden of proof, and we concur with the conclusion of the trial court that sufficient showing was not made to entitle her to the special lien demanded.

The decree is therefore, upon both appeals, *affirmed.*