(109 So. 882)

## NELSON et al. v. ATKINS.  (2 Div. 885.)

(Supreme Court of Alabama.    April 1, 1926. Rehearing Granted June 24, 1926.    Further Application for Rehearing Withdrawn Oct. 1, 1926.)

1. Partition  ⊙⟶40—On petition of devisee, probate court has jurisdiction to order sale of land for partition, though administration proceedings have been removed to circuit court (Code 1923, § 9322).

On petition of devisee, probate court has jurisdiction, under Code 1923, § 9322, authorizing partition between tenants in common or joint owners, to order sale of land for partition, though administration proceedings have been removed to circuit court.

2. Partition  ⊙⟶65—In partition of testator's land, on suggestion of pendency of administration proceedings in circuit court probate court should provide against liabilities by retaining sufficient of proceeds or by staying proceedings till circuit court determines necessity of sale of land therefor.

On petition of devisee for partition of land of testator, probate court, on suggestion of pendency of administration proceedings in circuit court to which administration has been removed, should provide for paying debts of decedent, charges against the property, and expenses of administration by retaining enough of the proceeds to discharge them or by staying proceedings until necessity of sale in course of administration is determined by other court.

Appeal from Probate Court, Dallas County; W. M. Vaughan, Judge.

See, also, ante, p. 76, 109 So. 166.

Hugh Nelson, of Montgomery, for appellants.

The probate court was without jurisdiction, and the sale was void.    Wilson v. Holt, 83 Ala. 528, 3 So. 321, 3 Am. St. Rep. 768; Mosely v. Tuthill, 45 Ala. 653, 6 Am. Rep. 710; Brock's Adm'r v. Frank, 51 Ala. 85; Richards v. Richards, 98 Ala. 599, 12 So. 817; Morgan v. Farned, 83 Ala. 368, 3 So. 798; Cameron v. Abbott, 30 Ala. 416.

Pettus, Fuller & Lapsley, of Selma, for appellee.

The fact that the will gave to the executor full power to sell did not prevent a petition for sale of the land for division among the joint owners, on the ground that it cannot be equitably partitioned among them.    Parker v. Robertson, 205 Ala. 434, 88 So. 418; Code 1923, § 9322.    The jurisdiction of the circuit and chancery courts is concurrent. Sewell v. Sewell, 207 Ala. 239, 92 So. 475.

SAYRE, J.    The probate court of Dallas county, on the petition of appellee, devisee under the last will and testament of W. R. Nelson, deceased, ordered the sale of land, a part of the estate of deceased, for division among the parties.    All parties claimed as devisees under the will.    Defendant, appellant Hugh Nelson, pleaded and the will in evidence proved that testator had provided that "said executors [named in the will], or either in the event only one shall qualify, shall have authority and power to sell any of my estate, real, personal, or mixed, for division and distribution;" that the will had been probated, executors appointed, and the administration removed into the circuit court in equity; and that there had been no final settlement.    Hugh Nelson, one of the two executors named in the will, was made a party defendant, along with the other children and devisees named in the will.    Heyward McFadden, the other executor, was not a party to the proceeding.    The question presented for decision is whether, in the circumstances, the probate court was clothed with jurisdiction to order a sale of the land for division.

[1] At first, the court here was of the opinion that the authority of Wilson v. Holt, 83 Ala. 528, 3 So. 321, 3 Am. St. Rep. 768, was conclusive against the jurisdiction of the probate court in the premises.    In that case the court regarded—

"the proposition as settled, that, where the will confers a power of sale, the probate court has no jurisdiction to order a sale of the lands for distribution among the heirs, any more than for the payment of debts. * * * 'Such jurisdiction,' it was there said, 'can only arise when the testator dies intestate as to lands, or when no power of sale is given in the will, and a division among the devisees is necessary'" (citing earlier cases).

In that case, the petition for a sale was filed by the administrator with the will annexed to whom the power of sale passed. Revised Code (1867) § 1609.    The reason of the rule declared in Wilson v. Holt, supra, is more fully stated in Mosely v. Tuthill, 45 Ala. 654 (6 Am. Rep. 710) as follows:

"But the will itself is necessarily a limit upon the jurisdiction of the court.    The statute so makes it.    The duty of the court is to carry the provisions of the will into execution and to see that the estate of the testator is disposed of as he directs in his testament.    To do this, the court must look to the will as its guide.    If the provisions of the will contradict the allegations of the petition, the jurisdiction of the court is suspended.    It is forbidden to proceed because the will is in the way.    This the court must know because the court is as much bound by the directors of the will as the administrator himself.    The court, in dealing with the estate, necessarily does so under the limitations of the will."

On reconsideration, the opinion prevails that the probate court, making the order of

sale now under review, acted in the proper exercise of its jurisdiction under the statute law. The sale under consideration and condemned in Wilson v. Holt, supra, was ordered by the probate court in the course of administration, on the petition of the administrator with the will annexed, for distribution on the ground that the land, the subject of the order, could not be equitably divided without a sale.

Section 2079 of the Code of 1867, of force at the time of the sale in Wilson v. Holt (section 5847 of the Code of 1923), was as follows:

"Lands may be sold by the executor, or by the administrator with the will annexed"— meaning through the agency of the court—"for the payment of debts, when the will gives no power to sell the same for that purpose, and the personal estate is insufficient therefor."

Section 2221 of the Code of 1867 provided that:

"Lands of an estate may be sold by order of the probate court having jurisdiction of the estate, when the same cannot be equitably divided amongst the heirs or devisees."

In the Code of 1907 (section 2621), and Code 1923 (section 5849), this section appeared with the addition, "when an adult heir or devisee files his written consent that the land be sold." This we note merely to complete the quotation. The change is of no importance in this case.

The foregoing sections of the Code were the subject of construction in Wilson v. Holt, with the result indicated above.

The petition for sale in the present case was filed, not by the executors, but by one of the devisees to whom the land had been devised in common with the other parties to the proceeding. Also, it was filed under section 9322 of the Code of 1923, which, in now important part, we quote as follows:

"Any property, real or personal, held by joint owners or tenants in common, on the written application of any one or more of them, may be decreed to be sold by the probate court. * * *"

The question presented for decision, in its ultimate form, then, is not whether the power of sale vested in the executors by the last will and testament of deceased stood in the way of the petition for a sale, but whether the pendency of the administration in the circuit court to which it had been removed —as the probate court knew from its own records—stood in the way of a sale for partition in the probate court, according to the provisions of section 9322 of the Code. We find this to be a question as to which courts of last resort are not in agreement. In an editorial note to Smith v. Smith (132 Iowa, 700, 109 N. W. 194), 119 Am. St. Rep. 581, the conflicting doctrines are considered and a briefer statement is found in 30 Cyc. 198. To quote from the last-mentioned text:

"If partition can be maintained [in a case such as we have here] * * * it is clearly subject to the contingency of the destruction or impairment of the purchaser's title, if the property is found to be required to satisfy the decedent's debts or the expenses of administration."

The purchaser would take, subject to the rule of caveat emptor. Lindsay v. Cooper, 94 Ala. 179, 11 So. 325, 16 L. R. A. 813, 33 Am. St. Rep. 105.

[2] The editorial critic in the note to Smith v. Smith, supra, states his opinion that the pendency of administration should be held to work an implied temporary withdrawal from the courts of general jurisdiction over the subject of partition of the authority to exercise the jurisdiction when, if exercised, it must conflict with the jurisdiction granted to courts of probate; but he notes the fact that a great majority of the courts, considering and determining the question, have held to the contrary conclusion, citing the cases. The majority view is thus stated in O'Keefe v. Behrens, 73 Kan. 469, 85 P. 555, 8 L. R. A. (N. S.) 354, 9 Ann. Cas. 867:

"Immediately upon the death of the ancestor title to his real estate descends to his heirs, subject only to appropriation for the payment of debts. * * * They are entitled to possession and may require partition at once. Letters of administration may not be taken out for a long period of time, or not at all. Much time may elapse before claims are presented or established or before it may be known that the personal assets are insufficient. During such periods, they are entitled to the separate enjoyment of their several portions of the estate and may proceed to enforce their rights unless some special state of facts should make it unjust or improper that they should do so. General creditors are not proper parties to partition proceedings at all, and the administrator should not be joined unless under exceptional circumstances. * * * If after partition the administrator should require the land or some portion of it for the payment of debts, it may then be sold. * * * Therefore it was not necessary that the heirs as a condition of recovery should either plead or prove that the decedent's estate had been settled, or that no debts existed for the payment of which the land might afterward be appropriated."

Similar conditions prevail in the law of this state. Very similar statements of conditions and conclusions may be found in O'Brien v. Mahoney, 179 Mass. 200, 60 N. E. 493, 88 Am. St. Rep. 371, and Hall v. Gabbert, 213 Ill. 208, 72 N. E. 806. We prefer the majority rule; but we think that:

"Though the right to commence and maintain suits for partition is sustained, notwithstanding the jurisdiction of probate and other courts to settle and distribute the estates of decedents through which the title to the property in question was derived, courts generally, and perhaps universally, seek to adopt such precautionary measures as seem most likely to prevent the sacrifice of the interests of parties

not before the court, or, whether before the court or not, who may acquire rights under the further orders or decrees of the probate court having jurisdiction." Smith v. Smith, supra.

We do not doubt that, upon the suggestion of the pendency of administration proceedings, the court should inquire whether there will likely be a necessity for the sale of realty to pay the debts of the deceased, charges against the property, or the expenses of administration, and make provision against liabilities by retaining enough of the proceeds to discharge them or by staying proceedings until the necessity for sale in the course of administration can be considered and determined by the court having the administration in charge. Smith v. Smith, supra; 20 R. C. L. p. 749.

As we have shown, Hugh Nelson, one of the executors and a party defendant in this cause, filed a suggestion of the pendency of the administration in the circuit court in equity to which it had been removed, under the statute; but he made no suggestion that a sale of the land in the administration proceeding would be necessary on any account, nor did he offer proof on that subject. The court here is now of the opinion that the probate court had jurisdiction of the petition for a sale of the land for division, that the court correctly found that partition in kind could not be had, and that, for aught appearing, the court properly ordered the sale. Its decree to that effect will be affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.