170 So. 771

**Ex parte STEPHENS.**

**4 Div. 905.**

Supreme Court of Alabama.

Nov. 19, 1936.

O. S. Lewis, of Dothan, for petitioner.

Halstead & Smith, of Headland, and J. N. Mullins, of Dothan, for respondent.

KNIGHT, Justice.

This cause is before us on petition of Vida Stephens, as administratrix of the estate of Martha V. Stephens, deceased, for mandamus directed to the Honorable D. C. Halstead, judge of the Twentieth judicial circuit of Alabama, requiring him as such judge to set aside and vacate an order made by him, in and by which he denied to the petitioner the right to prosecute her "suit" as such administratrix for the sale of lands of the decedent for the payment of the debts of the estate.

The respondent judge has filed here his answer to the rule nisi issued from this court. In his answer, the respondent admits the essential allegations of the petition, but insists that, under the law, after the removal of the administration of the estate of the said Martha V. Stephens from the probate court of Houston county into the circuit court, in equity, of said county, the respondent, as judge of said court, "had it within his discretion to either grant or deny the said Vida Stephens, as administratrix, the right to sell the land to pay the debts of Martha V. Stephens, deceased; for that he had notice, through the channel of the original suit by the answer of the respondents in that suit, as well as by the petition filed in that suit by this petitioner, that the forty acres of land was the same land mentioned in the original suit, and that the estate of Martha V. Stephens, deceased, owed debts, and this respondent, as such court, had the power and it was his duty if and when the said forty acres of land was sold by the register of the circuit court, in equity, of Houston County, Alabama, in the original case brought for that purpose, to retain jurisdiction of the proceeds or funds arising from said sale, and to appropriate so much thereof as might be necessary to the payment of the debts, if any, owing by the said Martha V. Stephens, deceased, at the time of her death; and that although petitioner has given bond for the faithful discharge of her duties as such administratrix, this bond, as well as the petitioner, will be saved whole by proper orders of the circuit court of Houston County, Alabama, in equity, after the sale of the lands involved and after the proofs have come in pertaining to the debts of the estate of Martha V. Stephens, deceased, as well as all other matters pertaining to and concerning the title to the said forty acres of land."

The salient facts may be summarized as follows: Martha V. Stephens died intestate in Houston county on February 2, 1936; she left surviving her the following named persons as her only heirs at law, all of whom were over the age of twenty-one years: J. A. Stephens, Nettie Stephens, Vida Stephens, and Madie Knox. She died seized and possessed of a tract of land in Houston county, containing forty acres; she owed debts, and the personal property was insufficient to pay the same. On the 25th day of July, 1936, less than six months after the death of Mrs. Stephens, J. A. Stephens, one of the heirs, filed an original bill in the circuit court of Houston county, in equity, to sell the forty acres of land for division among the four joint owners, and summonses were duly issued and served upon the respondents; and these respondents filed their joint answer to the bill on September 7, 1936. In this answer the respondents set up that the estate of Martha V. Stephens owed debts; that the forty acres of land sought to be sold was subject to the payment of debts of the estate; and that the administratrix of said estate had filed her petition in the probate court of Houston county for an order of sale of said lands for the payment of the debts of said estate.

It also appears that the said Vida Stephens, after the filing of the bill by J. A. Stephens, applied to the probate court of Houston county for letters of administration upon the estate of the said Martha V. Stephens, and on the 10th day of August, 1936, letters of administration were duly issued to her. That on the 12th day of August, 1936, the said administratrix filed in the probate court of Houston county her petition in writing for the sale of said forty acres of land for the payment of the debts of said estate. Due notice of the proceeding was given the parties in interest, and the court—probate—set September 14, 1936, for the hearing of said petition. On September 1, 1936, the said J. A. Stephens, an heir at law of Martha V. Stephens, deceased, and the complainant in the bill filed in the circuit court for the sale of said forty acres of land for division, filed his petition in the circuit court of Houston county, seeking the removal of the administration of the estate of said decedent from the probate to the circuit court. On the same day, the judge of the circuit court made an order transferring the administration into the circuit court, in equity.

After this removal had been accomplished, the administratrix of said estate,

the said Vida Stephens, filed her written petition in said court praying to be allowed to prosecute to conclusion her petition filed in the probate court for the sale of the forty acres of land for the payment of the debts of said estate. This petition was filed on September 7, 1936, and on the tenth day of the same month was denied. The refusal of the court to permit petitioner to further prosecute her proceedings begun in the probate court for the sale of lands of the estate for the payment of debts, is the basis of the present proceedings in this court.

■ Of course, the lands owned by Martha V. Stephens, upon her death, she dying intestate, descended to her heirs, but subject to the payment of debts and charges against the estate. Code, § 7365. By our statute, the administrator is clothed with a right to the possession of the realty for the purposes of administration, and that right, when asserted by him, dominates and intercepts the descent of lands to the heir. Banks v. Speers, 97 Ala. 560, 11 So. 841; Calhoun v. Fletcher, 63 Ala. 574. It is conceded, however, that this right in the personal representative cannot displace or interfere with the "rights of dower, quarantine and homestead," but no such question is here presented.

When the personal property of a decedent, in case of intestacy, is insufficient for the payment of the debts of the estate, the lands may be sold by the administrator. Code, § 5848.

■ The right of an administrator to sell land to pay the debts of his intestate is wholly statutory, and he alone can do so on the conditions and in the manner prescribed by the statute. Kirkbride et al. v. Kelly et al., 167 Ala. 570, 52 So. 660.

In the case of Boyte v. Perkins, 211 Ala. 130, 99 So. 652, 653, it was observed by Bouldin, J.:

"All the real estate of a decedent, subject to dower and homestead, is assets of the estate subject to the payment of debts, if the personalty is insufficient for that purpose. The administrator is a trustee charged with the duty to take possession of the real estate, rent it, and, in due course, sell it, if need be, for the payment of debts. * * *

"As long, however, as there are outstanding debts to be paid, and no personal property to pay them, it is his duty to intercept the rents and sell the lands, if need be, to pay creditors. He cannot be controlled by the heirs, nor take orders from them. The duty and responsibility is upon the administrator."

When the court of probate of Houston county, in the exercise of its plenary jurisdiction to that end, appointed the petitioner administratrix of the estate of Martha V. Stephens, the administratrix thereby assumed all duties, burdens, and responsibilities imposed upon her by statute, and among those duties was the duty to pay the debts of the intestate. Likewise, the imposed duties and obligations carried with them certain rights, among them the right to compensation.

■ When the circuit court, in the exercise of its unquestioned jurisdiction, reached out and brought before it for administration the estate of Martha V. Stephens, then being administered in a court of competent and concurrent jurisdiction, it took over that estate, and the proceedings had therein, just where they stood when the same were taken over. The order of removal did not serve to set aside or to annul what had been properly done theretofore in the probate court, but rather to "pick up the proceedings" where the probate court had left off, assuming, of course, that the proceedings theretofore had in the probate court were within the jurisdiction of that court and regular.

■ When the order of removal was made, and the proceedings were transferred from the probate court to the circuit court, in equity, the personal representative was removed along with the proceedings to the circuit court. Bynum v. Brewer et al., 217 Ala. 52, 114 So. 577.

We are of the opinion that when the administration was removed to the circuit court, the administratrix was within her right in asking to be allowed to proceed in the circuit court with her petition filed in the probate court for the sale of the lands for the payment of the debts of the estate. It was her duty to pay the debts, if there were assets of the estate out of which they could be paid, and she and her bondsmen would be liable to any injured party for the nonperformance of this duty.

■ But respondent insists that he was vested with a discretion as to whether he would permit the administratrix to proceed with her petition, or would allow the complainant in the original bill to proceed under his bill for the sale for division, with the right in the court to impound the proceeds

170

of sale to pay the debts of the estate. In this respondent is mistaken.

It is to be noted here that the bill filed by J. A. Stephens in the circuit court prior to the issue of letters of administration to the petitioner was simply a bill for sale of lands for division among the joint owners and did not undertake in any way to trace title into the joint owners. No suggestion whatever was made in said bill that the joint owners acquired title from their deceased mother, Martha V. Stephens, even if this were important.

The respondent seems to think that the case of Nelson et al. v. Atkins, 215 Ala. 88, 109 So. 882, supports his contention. We do not think so. It is rather an authority supporting the conclusion here reached. In that case, there was no petition pending by the administrator for the sale of the lands for the payment of debts; and no suggestion was made by the administrator that a sale of the land in the administration proceedings would be necessary "on any account."

We are at the conclusion that the petitioner is entitled to proceed with her petition for the sale of the land for the payment of the debts of the estate; that the order of the court denying this right was improvident.

It, therefore, follows that a peremptory mandamus will issue, unless the respondent, on being advised of this judgment, shall set aside and annul the order made denying to petitioner the right to proceed to a hearing and determination of the petition for the sale of the lands for the payment of debts.

Mandamus awarded conditionally.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.