JONES, Justice.
This appeal presents a single issue: When there is insufficient personal property for the payment of the debts of an estate, does the executor have the sole and exclusive right to sell the real estate for the payment of the debts? Or, stated in the context of appellant’s contention, does a complaint for “Sale of Real Estate and Division of Proceeds,” filed in circuit court by a devisee who. is not the executor under the will, take priority, because of an earlier filing, over a “Petition for Sale of Personal and Real Estate for Payment of Debts and Division,” alleging insufficiency of personal property for payment of debts?
We answer: “Yes,” the executor under the will does have the exclusive right under these circumstances to administer the estate, including the selling of the realty for *1336 the payment of debts and expenses of administration and division of the net proceeds among the devisees; “No,” the prior filing in circuit court of a bill for sale and division does not, under these circumstances, take priority or pre-empt the executor’s right to administer the estate. We affirm.
A brief factual statement will clarify this issue. On December 22, 1975, Maggie Rogers died leaving a will naming as devisees Dorothy V. Mayer, Robert H. Hamilton, William P. Hamilton, and Porter H. Hamilton. On February 17, 1976, Letters Testamentary were granted to Robert H. Hamilton as executor. The testator owned at the time of her death a house and two lots and miscellaneous personal property. The value of the claims filed against the estate exceeded the value of the personalty.
At 11 o’clock in the morning on August 30, 1976, William F. Hamilton filed in the Circuit Court of Houston County a sworn complaint for the “Sale of Real Estate for Division of the Proceeds.” At 4:01 p. m., August 30, 1976, Robert H. Hamilton filed in the pending estate in the Probate Court of Houston County a sworn “Petition for Sale of Personal and Real Estate for Payment of Debts and Division,” alleging that the personal property was insufficient to pay the claims, debts, and expenses of the administration of the estate and asking for authority, as executor, to sell the personal and real property to pay the claims and expenses of administration and to distribute the remaining proceeds under the terms of the will. On August 31, 1976, William F. Hamilton petitioned for removal of the administration of the estate to the circuit court. This appeal challenges the circuit court’s order granting the executor’s motion to dismiss the complaint of William F. Hamilton.
We agree with the appellant that it is well settled that when there is no need for real estate to be sold to satisfy the administration of the estate, an heir (or devisee) has a right to a sale for division. Likewise, if an heir petitions the circuit court for the removal of the administration from the probate court, the circuit court may do so to better administer the estate.
Tit. 61, § 243, Code, provides:
“Lands may be sold by the executor, or by the administrator with the will annexed, for the payment of debts, when the will gives no power to sell the same for that purpose, and the personal estate is insufficient therefor.”
Boyte v. Perkins, 211 Ala. 130, 99 So. 652 (1924), interprets this and related statutes:
“All the real estate of a decedent, subject to dower and homestead, is assets of the estate subject to the payment of debts, if the personalty is insufficient for that purpose. The administrator is a trustee charged with the duty to take possession of the real estate, rent it, and, in due course, sell it, if need be, for the payment of debts.
H * * *
“On the face of these statutes it appears there may be occasion to sell the property, incapable of division but of greater value than the homestead right, and that this sale shall be in course of administration — that is to say, by the administrator in the execution of the trust imposed by law. There are two occasions when the administrator is empowered to sell the lands of the decedent. One is for division among the heirs of the estate, when the lands cannot be equitably divided. In that case one or more adult heirs must become the actor by filing a written consent to the sale. [Tit. 61, § 245, Code.] The other is when the personal property is insufficient to pay debts, and it is necessary to resort to the lands for that purpose. This duty is mandatory, part of the general duty to faithfully administer the estate. In this proceeding the administrator represents the creditors as opposed to the heirs or the ‘widow claiming to retain them until dower is assigned.’ Clark v. Knox, 70 Ala. 607, 622 (45 Am. Rep. 93). This does not mean he owes no duty to the heirs in the conduct of the sale and disposition of the proceeds. In that regard he is trustee for the heirs also. Their interest may be of greatest *1337 concern — as in the case of a solvent estate where they stand to lose most by any default of the administrator.
“As long, however, as there are outstanding debts to be paid, and no personal property to pay them, it is his duty to intercept the rents and sell the lands, if need be, to pay creditors. He cannot be controlled by the heirs, nor take orders from them. The duty and responsibility is upon the administrator.”
In Ex parte Stephens, 233 Ala. 167, 170 So. 771 (1936), one of the heirs filed a Bill for Sale for Division. Subsequently, an administrator was appointed by the probate court who filed a petition alleging the insufficiency of the personalty to pay debts and praying for the sale of the real estate. The Stephens Court held that the administrator alone can sell the real property for the payment of debts; that the removal of an administration to the circuit court does not eliminate a petition filed in the probate court by the personal representative; and that, upon request, the circuit court may proceed with the personal representative’s petition to sell the real property for payment for debts. See also Austin v. Eyster, 242 Ala. 402, 6 So.2d 892 (1942).
Counsel for William F. Hamilton, appellant, has cited a line of cases exemplified by Nelson v. Atkins, 215 Ala. 88, 109 So. 882 (1926), which held that an heir, by virtue of an earlier filing, is entitled to partition of the real property regardless of the pending administration. Ex parte Stephens addresses itself to Nelson, saying:
“The respondent seems to think that the case of Nelson et al. v. Atkins, 215 Ala. 88, 109 So. 882, supports his contention. We do not think so. It is rather an authority supporting the conclusion here reached. In that case, there was no petition pending by the administrator for the sale of the lands for the payment of debts; and no suggestion was made by the administrator that a sale of the land in the administration proceedings would be necessary ‘on any account.’ ”
For a recent case giving priority to the first to file, where there were no debts to be paid from the sale of the realty, see Estate of Autry v. McDonald, Ala., 332 So.2d 377 (1976).
By amendment to the original petition, William F. Hamilton claims a special equity, alleging that the executor has taken personal property belonging to the Estate out of Alabama. We have been directed to no authority, nor have we found any, that holds an heir or devisee is without sufficient remedy within the pending administration for such an alleged wrongdoing of the personal representative of the Estate. Infidelity on the part of the executor is fully redressable in the pending administration, and such an allegation gives no right of itself for the maintenance by devisee of a petition for sale and division; nor is the position of the devisee enhanced by a prayer in the petition for the payment of the debts of the estate. This latter prerogative is a responsibility belonging exclusively to the one to whom the administration of the Estate has been entrusted — the executor.
The two rules — (1) priority for first to file where there are no debts, and (2) exclusive right of personal representative where personalty is insufficient to pay debts — are both grounded in and totally consistent with the fundamental law of property. In order that real property be vested in someone at all times, title vests immediately upon death of the fee holder, whether title passes by will or statutory intestacy.
If there are no debts, the personal representative may, upon certain conditions (consent of an heir), bring partition proceedings, but such right is not superior to that of an heir or devisee. In other words, the first to file takes priority in like manner as in any other partition proceeding. On the other hand, if the sale of real property is required for the payment of debts, the right of the personal representative to possession of realty for purposes of administration, when such right is asserted, dominates and intercepts the descent of lands to the heirs. Ex parte Stephens, supra. The orderly administration of judicial proceedings, coupled with the statutorily imposed re *1338 sponsibilities upon the personal representative for the faithful discharge of his duties, mandates this latter exception to, or variance from, the first-stated rule.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.