CRAWLEY, Judge.
Leatha Woods died in 1989. Subsequently, her will was admitted to probate. Sammy Sanders was named as executor. The will devised certain real estate and a house to Sanders, Maggie Bailem, and Evelyn Goree as cotenants, with each taking an undivided one-third interest.[1] In April 1995, Bailem and Goree filed a “Complaint for Partition and Division” in the circuit court, alleging that they and Sanders each owned a one-third interest in the real estate and that the property could not be equitably partitioned. They asked that the real estate be sold and the profits divided. In addition, they alleged that they had negotiated a sale of the property to a Mrs. Daisy Sims Lee. The sales price agreed upon was $12,000, which they alleged to be the fair market value of the property. Finally, the plaintiffs requested an attorney fee pursuant to Ala.Code 1975, § 34-3-60.
Sanders timely filed a motion to dismiss, in which he alleged that the issue should be litigated in the pending estate proceeding in the probate court; however, the trial court denied this motion. At the trial on September 13, 1995, the trial court heard testimony concerning the ownership of the ■ property, the inability to equitably partition the property, and the value of the property. In addition, testimony indicated that a claim against Woods’s estate in the amount of $2,084.16 had been filed by Bailem. According to the plaintiffs’ counsel, this claim had not been determined by the probate judge. In addition, the trial judge asked Sanders whether the estate contained other assets. Sanders responded, “The only thing of value was the house and lot.” No other testimony concerning the issue of claims against the estate or other matters concerning the administration appeared in the record.
The trial court ordered that the real estate be sold to Mrs. Lee for the agreed upon price of $12,000, approved an attorney fee for the plaintiffs’ attorney in the amount of $1,800, and ordered that the appraiser be paid $250 out of the proceeds of the sale. The judgment required that the $12,000 purchase price be paid into the circuit clerk’s office, and the clerk was ordered to deduct the *1346 attorney fee, the appraiser’s fee, and court costs from the $12,000. Once these deductions were made, according to the judgment, the remaining amount was to be paid into the probate court for disbursement according to the terms of the will after payment of all claims and expenses of the estate.
Sanders filed a “Motion to Set Aside Order or in The Alternative A New Trial,” arguing that the trial court had disregarded the intention of the testator, wrongfully interpreted the will, ignored the law regarding the construction of wills; wrongfully assessed an attorney fee, and disregarded Ala.Code 1975, § 35-6-100. This motion was denied by operation of law and Sanders appealed to the supreme court. That court transferred Sanders’s appeal to this court pursuant to Ala.Code 1975, § 12-2-7(6).
Sanders’s brief raises three issues: (1) whether the trial court erred by construing a will not in evidence, (2) whether the trial court erred in finding that Sanders, Bailem and Goree were tenants in common, and (3) whether the trial court erred in awarding an attorney fee to the plaintiffs’ counsel. We will first address whether the trial court had jurisdiction to order the real estate sold in light of the pendency of the administration of the estate in the probate court.
The circuit court has within its jurisdiction the power to divide or sell for division real property owned by tenants in common. Ala.Code 1975, § 35-6-20. The cotenants’ rights to partition or sale are not stayed by the pending administration of an estate. Nelson v. Atkins, 215 Ala. 88, 109 So. 882 (1926). If, however, the executor has exercised his right to sell the lands in satisfaction of a debt of the estate when the debt cannot be satisfied by a sale of the personalty, the petition of an heir or devisee does not take priority, even if filed first. Hamilton v. Mayer, 345 So.2d 1334 (Ala.1977). Sanders did not petition to sell the real estate to satisfy the claim against the estate. Had he done so, either before or after Bailem and Goree filed their petition, he would have been given priority because of his rights and duties as executor. Because he did not, the trial court properly ordered the sale of the real estate under Bailem and Goree’s petition.
Sanders argues that the trial court improperly construed the will, which was not in evidence, and that it erred in determining that he, Bailem, and Goree were tenants in common. Although Sanders cites authority concerning the rules of will construction, his arguments are not persuasive. The trial court did not have to construe the will; Sanders and Goree both testified that all three (Sanders, Bailem, and Goree) were tenants in common, each owning a one-third interest in the real estate under Woods’s will. The fact of ownership was undisputed, and, therefore, the trial court could not have found differently.
Sanders also argues that the trial court erred by awarding the plaintiffs an attorney fee. The plaintiffs requested an attorney fee pursuant to Ala.Code 1975, § 34-3-60, which allows the trial court to award reasonable attorney fees in proceedings “involving] the sale of property for distribution.” These fees, however, are allowed only “on the basis of, and solely for, the benefits inuring to the common estate and not involving controversy as to respective rights or interests of individual tenants in common.” Irons v. LeSueur, 487 So.2d 1352, 1359 (Ala.1986)(citing Pate v. Law, 277 Ala. 608, 173 So.2d 596 (1965); Graham v. Graham, 207 Ala. 648, 93 So. 660 (1922)). Sanders argues that the services of the plaintiffs’ attorney did not inure to the benefit of the common estate, and he points out that the sale for division action was in controversy. The statute does not preclude the award of an attorney fee in every “controversy,” but instead it precludes the award of an attorney fee in cases where the rights or interests of the cotenants are in dispute.
In this particular case, we have found no controversy regarding the rights or interests of the eotenants before the trial court. The record discloses that Sanders, Bailem, and Goree were cotenants and that Bailem and Goree wanted the real estate to be sold for division because it could not be equitably partitioned in kind. Sanders contested the plaintiffs’ petition, but the record is not clear on what grounds. Apparently, Sanders *1347 wanted to purchase the property himself; however, he faded to avail himself of the statutory procedure for the purchase of his cotenants’ interests. See Ala.Code 1975, § 35-6-100. His remaining testimony indicated that he would pay $7,000 for the property and that the price of $12,000 for the property would be a “good deal” from the cotenants’ perspective.
Sanders will receive a benefit from the sale of the property, although the exact amount is unknown. The plaintiffs’ attorney procured this benefit for Sanders and the plaintiffs through the litigation of this action. Accordingly, we agree with the trial court that the plaintiffs’ attorney is entitled to an attorney fee under Ala.Code 1975, § 34 — 3-60.
The appellees are awarded an attorney fee of $500.
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ, concur.
ROBERTSON, P.J., concurs in the result.

. The will actually devised the real estate and house to Sanders, Bailem, Goree, and Alice Smith. According to the testimony at the hearing on this case, Alice Smith predeceased Leatha Woods. Goree testified that, under the provisions of the will, if one of the devisees predeceased the testator, “[his or her] share of the property would go to the surviving beneficiaries.” Because the will is not in-evidence and because no issues concerning the construction of the will are presented in this appeal, we accept Goree’s testimony (and Sanders’s later testimony that he and the plaintiffs each own an undivided one-third interest) as true.