# Davis *v.* McColloch, *et al.*

*False Imprisonment.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 701.)

*Actions; Striking Complaint; Appeal.*—Since mandamus is the only remedy to control the action of the court in matters where there has been no final judgment rendered for either party, an appeal from the action of the court in striking the complaint will be dismissed.

APPEAL from Lawrence Circuit Court.

Heard before Hon. C. P. ALMON.

Action by John W. Davis against R. N. McColloch and others. Judgment for defendants, and plaintiff appeals.

As sheriff of Morgan county, R. N. McColloch, by his deputy, Harvey Wright, having a warrant for the arrest of John Davis, arrested appellant in Lawrence county, Ala., incarcerated him in the calaboose at Courtland for several hours, and carried him from there to Morgan county, where he was confined several days, and delivered him to the sheriff of Blount county, who carried him to Oneonta, in said county, and there incarcerated him in jail. It was then discovered that the

[Davis v. McCulloch, et al.]

John Davis arrested was not the John Davis wanted. The suit was brought in Lawrence county, and the appellees moved to strike the complaint: First, because it shows on its face that if there was a cause of action it should have been brought in Morgan county; and, second, that the complaint showed on its face that the circuit court of Lawrence county was without jurisdiction to hear and determine the cause. The court granted a motion to strike, and this appeal is prosecuted from that order.

O. KYLE, for appellant.

WERT & LYNNE, for appellee.

DE GRAFFENRIED, J.—In the case of *Ex parte Tarlton*, 2 Ala. 35, this court said: "In England, to which, in the absence of legislation, we look for rules to guide our practice and decisions, it is said to be well settled that error does not lie when the court whose judgment is complained of, acts in a summary manner, or in a new course different from the common law."

In the case of *Stepheson et al. v. Mansony*, 4 Ala. 317, this court held that an appeal does not lie from an order of a court striking a cause from its docket, and upon that subject said: "The defendants are not, however, remediless. It is entirely competent for them to ask this court to compel a reinstatement of the cause by mandamus. This is a writ, introduced it is said, to prevent a failure of justice, and ought to be used on all occasions where the law has established no specific remedy, and where in justice there ought to be one."

In the case of *Ex parte Lowe*, 20 Ala. 330, this court said, in speaking of the dismissal of a cause by a court:

"The court, therefore, erred in striking it off, and the writ of mandamus is the proper remedy to have it reinstated."

In the case of *Ex parte State ex rel. Stow et al.*, 51 Ala. 69, this court said: "There can be no doubt that mandamus is a proper remedy, under our practice, in such a case as this."

In the case of *Terry & Bro. v. Hughes & Co.*, 93 Ala. 432, 8 South. 686, this court, in discussing an appeal from an order quashing a garnishment proceeding which had been sued out in aid of a pending suit and which was quashed while the original suit was still pending, said: "The appeal is taken from the judgment quashing the garnishment. There is no statute authorizing an appeal from such an interlocutory order, and no final judgment having been rendered, the appeal must be dismissed."

In the case of *Ex parte Hendrce et al.*, 49 Ala. 360, this court held that when a cause is dismissed from the docket of a court and a final judgment is rendered therein against one of the parties for the costs, then that an appeal will lie from such judgment, and that mandamus is not an appropriate remedy.

In the case of *Ex parte Abrams,* 48 Ala. 151, mandamus was held to be the proper remedy to require the reinstatement of a cause which has been improperly stricken from the docket of a court.

In the case of *Ex parte Merritt,* 142 Ala. 115, 38 South. 183, it was held that mandamus would not lie from the order of a chancellor dismissing a bill for want of equity, and on other grounds, "when the matter complained of can be revised on appeal, either under the statute in regard to interlocutory decrees, or from the final decree in the case."

[Davis v. McCulloch, et al.]

In the case of *Ex parte State ex rel. Attorney General*, 142 Ala. 87, 38 South. 835, 110 Am. St. Rep. 20, this court, upon the relation of the Attorney General vacated by mandamus an order of a court dismissing a criminal case from its docket. In the latter case, regardless of the rules declared in *Ex parte Tarlton, supra, Stephenson et al. v. Mansony, supra,* and *Ex parte Lowe, supra,* mandamus was in any event the only remedy because, except in certain special cases, the state has no right of appeal.

The idea which controlled the court in holding in the above cases in which mandamus was held to be the appropriate remedy, was that, as the orders of dismissal were not accompanied with final judgments, appeals would not lie and that therefore mandamus was the only remedy. In each of the above cases where there was a final judgment or where the order of dismissal was, by virtue of some statute, such an order as would support an appeal, it was held that mandamus would not lie. In the instant case there is a mere order of dismissal. There is a final judgment against neither party.

While in many jurisdictions an appeal lies from the order of a law court dismissing a cause from its docket (see Elliott on Appellate Procedure, § 94, and authorities cited in the notes to said section) the rule to the contrary has been too long established in this state for this court now to disturb it. The question, it is true, is one of mere procedure, but in matters of long established practice the doctrine of stare decisis should not be disregarded.

For the reasons above given, this appeal must be dismissed.

Appeal dismissed.

McClellan, Sayre, and Gardner, JJ., concur.