(99 South. 303)

## INTERNATIONAL MOVING PICTURE & FILM CO. v. SMITH. (6 Div. 38.)

(Supreme Court of Alabama.   Jan. 31, 1924.)

**1. Creditors' suit ☞39(1)—Bill construed as one by judgment creditor to subject intangible property to satisfaction of judgment.**

Judgment creditor's bill against judgment debtor corporation alleging that execution issued on her judgment was returned "No property found," and that defendant owned no property other than certain patents, and asking for the conveyance of the patents to a receiver to be appointed by the court, and for the sale thereof by the receiver and the application of the proceeds to the payment of her judgment, and for an injunction restraining the defendant from disposing of patents, *held* a bill by a judgment creditor to subject intangible property, which cannot be reached by an execution at law, to the satisfaction of complainant's judgment.

**2. Creditors' suit ☞1—Proceeding to subject property to judgment obtained in law action held independent proceeding in equity.**

Judgment creditor's proceeding to subject intangible property which could not be reached by an execution at law to the satisfaction of its judgment *held* an independent proceeding in equity to be governed by the rules of equity practice and procedure, and not a purely ancillary proceeding, though the judgment was rendered in an action at law.

**3. Equity ☞214—Method of testing sufficiency of plea to bill stated.**

When a plea is filed to a bill in equity, the proper way to test its sufficiency is not by demurrer, as at law, but by having it set down for hearing, but a demurrer may be treated as the equivalent of a motion to test the sufficiency, and an irregularity in demurring will not be cause for reversal.

**4. Equity ☞175—On sustaining demurrer to plea court should require defendant to plead to merits by demurrer or answer.**

Where a demurrer to a plea is treated as equivalent to a motion to test the plea's sufficiency and the demurrer is heard and sustained, the court should make an order requiring defendant to plead to the merits of the bill by demurrer or answer either forthwith or in the time prescribed.

**5. Equity ☞176—Final decree on merits on sustaining demurrer to plea held not proper.**

Where complainant in a proceeding in equity demurred to defendant's plea to jurisdiction, the court, on sustaining the demurrer, *held* not authorized to proceed to render a final decree on the merits.

**6. Corporations ☞665(4)—Demurrer to plea to jurisdiction in suit against foreign corporation held properly sustained.**

In a suit in equity against foreign corporation, a demurrer to a plea to the jurisdiction *held* properly sustained where the plea showed that the secretary of the corporation countersigned the corporation's certificates within the state, and did not sufficiently show that such acts of signing did not constitute "doing business" by the corporation within the state.

**7. Corporations ☞676—Independent suit in equity to enforce judgment at law against foreign corporation not sustained on process in law action.**

A nonresident corporation against which a judgment has been rendered in the circuit court at law does not without further service of process remain personally before the courts of the same county in another independent proceeding against it in equity in those courts for the purpose of subjecting property to the satisfaction of the judgment at law.

**8. Process ☞4—Rule as to retention of jurisdiction by court for enforcement of judgment stated.**

A court may entertain proceedings ancillary to the judgment, for jurisdiction once acquired is not exhausted by the rendition of judgment, but continues until such judgment is satisfied, and includes the power to issue all proper process for its enforcement; but such a proceeding must attach to the original cause and a separate and distinct suit in equity to subject property to the satisfaction of a judgment obtained at law cannot be predicated merely upon the service of process by which jurisdiction was acquired in the law action, but there must be further service of process.

**9. Appeal and error ☞102—Appeal may be taken from decree sustaining or overruling plea to bill in equity.**

Under Code 1907, § 2838, an appeal may be taken from a decree sustaining or overruling a plea to a bill in equity, to be taken within 30 days from the rendition of the decree.

Somerville and Gardner, JJ., dissenting in part.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Bill in equity by Mary C. Smith against the International Moving Picture & Film Company. From the decree, respondent appeals. Reversed in part, and remanded.

The bill of complaint is filed for the purpose of subjecting certain patent rights, alleged to be the property of respondent corporation, to the satisfaction of a judgment at law against respondent and, incidentally, the bill prays for a receiver to take charge of and sell the said property, and a writ of injunction to prevent its alienation or loss.

In substance, the bill alleges that complainant is a resident of Jefferson county, Ala.; that she is the owner of a judgment for $7,000 obtained on June 5, 1923, in Jefferson circuit court, upon an Alabama contract to be performed in this state; that same is unpaid, and defendant is making no effort to pay it; that execution issued thereon, and was returned "No property found"; that respondent owns no other property than said patents described in the fifth paragraph,

numbered from 1 to 11, both inclusive; that the bill asks that process issue to respondent within the time allowed by law, and show cause why said court should not issue an order requiring respondent to convey said patents to a receiver to be appointed (and who was appointed on the following day) to sell said patents and apply the proceeds to the payment of said judgment, likewise asking (and obtaining) injunction enjoining respondent from disposing of said patents; praying, if mistaken in the relief prayed, for other and further relief. Thereafter, appearing solely for the purpose of filing and presenting the same, respondent filed a plea to the jurisdiction of said court, stating that respondent is a foreign corporation, organized under the laws of Tennessee, domiciled in that state, maintaining its offices and conducting its business from offices therein; that the president and other officers' and agents thereof in charge of the business and property of defendant are in that state; that said corporation is not engaged in business of any nature, in Alabama and has neither office nor place of business in this state, other than that it has a secretary resident at Birmingham; that its directors' meetings are all held in, and all of its business transacted from, its offices in Tennessee; that it has no property of any kind in this state; that the president thereof in Tennessee has charge of all its property, and has nothing within the jurisdiction of this court; which plea is verified by one of its officers and signed by counsel.

No motion was made, nor any order, setting down the plea for hearing as to its sufficiency, but a demurrer was filed to the plea on substantially the following grounds: (1) That a general appearance was heretofore made in this cause and judgment confessed; (2) that said plea does not deny such general appearance in this cause and confessed judgment in favor of plaintiff; (3) that the allegations of the bill are not denied by the averments of the plea, and that proceedings are merely "ancillary for the collection of a judgment in favor of the plaintiff"—and signed W. A. Denson, "Attorney of Plaintiff."

The minute entry recites the following:

"On this the 24th day of September, 1923, came the complainant, Mary C. Smith, in this cause by her solicitors of record, and, upon the motion of complainant, it is ordered by the court that this cause be, and it is hereby submitted upon the demurrers of complainant, Mary C. Smith, to the plea to jurisdiction."

The decree of court, sitting in equity, recites:

"This cause coming on to be heard was submitted for decree on the demurrer of plaintiff to defendant's plea to the jurisdiction of the circuit court of Jefferson county, state of Alabama, and, upon consideration, it is held that the said demurrer is well taken. It is therefore ordered, adjudged, and decreed by the court that said demurrer be, and the same is hereby, sustained. It is further ordered, adjudged, and decreed by the court that defendant execute a deed of conveyance to said patent rights set forth in plaintiff's bill, viz. [here the property is fully described], conveying all of defendant's right, title, and interest in said patent rights to the Honorable Clarence Mullins, as receiver, said Mullins having been heretofore appointed as said receiver by order of this court. It is further ordered, adjudged, and decreed by the court that said receiver make sale of said property as provided by chancery court rule 113 and section 2609 of the Code of 1907 of the state of Alabama, and apply the proceeds of said sale to payment of all costs of this action including said receivership and said judgment with interest thereon from date thereof; the balance, if any, to be paid to respondent. It is further ordered, adjudged, and decreed by the court that respondent be allowed three days from this date in which to comply with the terms of this decree.

"Done and ordered this 24th day of September, 1923.        Roger Snyder, Circuit Judge.

"Defendant excepts.

"Filed in office September, 24, 1923."

On the following day, September 25, 1923, respondent filed in the register's office, and presented to said judge, a motion to set aside and modify said decree or order, on the grounds stated therein; among others, that there was no submission of the cause for final decree, no note of testimony, no decree pro confesso, that same was merely taken under submission on demurrer to a plea, and that the decree rendered thereon was a final decree, when the case was not at issue, and never submitted on its merits.

On September 27, 1923, without specifically denying said motion, the judge made a decretal order in said cause extending the time within which said property had been ordered to be turned over to the receiver to 30 days, after reciting therein that—

"The defendant having appeared in court and stated to the court that it owed said judgment and the same was legal and just and in recognition of the justice of said judgment debt the defendant is making every effort sincerely and earnestly to pay said judgment."

Later, on September 28, 1923, respondent appeared, and, through counsel, without waiving said plea to the jurisdiction of the court, asked leave of the court to file a demurrer to the bill of complaint; but the judge made no order granting leave to file the same. The bill of complaint was filed on July 27, 1923, and decretal orders were made on the same day appointing a receiver, and enjoining respondent, as prayed in the bill, without notice to respondent.

Respondent's plea to the jurisdiction was filed on August 29, 1923; the demurrer to that plea was filed on September 24, 1923. The record does not show that the demurrer was set down for hearing, but merely re-

cites a submission on the demurrer on motion of complainant, on September 24, 1923. The decree sustaining the demurrer and the final decree were rendered on the same day, September 24.

The only service of process shown by the record is the return made by the sheriff on the writ of injunction, reciting that he had executed the writ by serving a copy on the International Moving Picture & Film Company, a body corporate, by serving the same "on M. A. Hines," and "on A. C. Foster," and "on R. J. Strickland."

The appeal is on the record, and the assignments of error are sufficiently indicated by the opinion.

William Vaughan and Baugh & Emerson, all of Birmingham, for appellant.

Demurrer is not proper to a plea to the jurisdiction in equity; the test should be by hearing. Glasser v. Meyrovitz, 119 Ala. 152, 24 South. 514; Woodlawn v. Durham, 162 Ala. 565, 50 South. 356. Where the record contains no note of testimony, the cause will be reversed. Chancery rule 75; Blackburn v. Moore, 206 Ala. 335, 89 South. 745; Lunday v. Jones, 204 Ala. 326, 85 South. 411; Brassell v. Brassell, 205 Ala. 201, 87 South. 347; Milam Co. v. State, 205 Ala. 315, 87 South. 348; Hymes v. State, 209 Ala. 91, 95 South. 383.

W. A. Denson, of Birmingham, for appellee.

The proceeding here was ancillary to the suit at law. Pacific Bank v. Robinson, 57 Cal. 520, 40 Am. Rep. 120; 23 C. J. 333; Vail v. Hammond, 60 Conn. 374, 22 Atl. 954, 25 Am. St. Rep. 335; Wilson v. Martin-Wilson Co., 149 Mass. 24, 20 N. E. 318; Id., 151 Mass. 515, 24 N. E. 784, 8 L. R. A. 309; Edwards v. Pickard, 17 Ann. Cas. 391; 20 R. C. L. 1179; 15 C. J. 1405; 7 Fed. St. Ann. 258. Where a plea is manifestly frivolous, the chancellor may set it aside and grant a decree pro confesso. Smith v. Cozart, 45 Miss. 698; 21 C. J. 787; Kennedy v. Creswell, 101 U. S. 641, 25 L. Ed. 1075; Ferry v. Moore, 18 Ill. App. 135; Knott v. Giles, 27 App. D. C. 581.

SOMERVILLE, J. [1] The bill of complaint in this cause must be considered and treated as a bill by a judgment creditor to subject intangible property which cannot be reached by an execution at law to the satisfaction of complainant's judgment.

[2] Though its purpose is to secure a satisfaction of a judgment at law, rendered on the law side of the circuit court of Jefferson county, it is in fact an independent proceeding in equity, and must be governed by the rules of equity practice and procedure. See Martin v. Carter, 90 Ala. 96, 7 South. 510;

Mathews v. Mobile Mut. Ins. Co., 75 Ala. 85. The trial court evidently adopted the theory of counsel for complainant that the bill is a purely ancillary proceeding—in fact, an equitable writ of execution issued by the equity court on the judgment at law, ex parte in character, and requiring no notice of any sort to the defendant in the law case; the theory being that the judgment defendant in that case was ipso facto before the court in any subsequent proceeding, legal or equitable, the purpose of which was to secure a satisfaction of that judgment.

This view is radically erroneous, and hence the procedure of the court and its decrees exhibit serious and fatal errors.

[3-5] When a plea is filed to a bill in equity, the proper way to test its sufficiency is not by demurrer, as at law, but by having it set down for hearing. Glasser v. Meyrovitz, 119 Ala. 152, 24 South. 514; 21 Corp. Jur. 467, § 531. However, this is but a matter of form, and, if the complainant demurs instead, the demurrer may be treated as the equivalent of a motion to test sufficiency, and such an irregularity is not a ground for reversal. Freeman v Pullen, 119 Ala. 235, 24 South. 57; Breeding v. Grantland, 135 Ala. 497, 499, 33 South. 544; Sims Ch. Pr. 306, § 463. So treating the demurrer to respondent's plea, when the demurrer was heard and sustained, the court should have made an order requiring the respondent to plead to the merits of the bill by demurrer or answer, either forthwith or in the time prescribed. The submission being only on the demurrer to the plea, the decree rendered could not extend beyond the terms of the submission. Moreover, without an answer admitting the essential allegations of the bill, or a decree pro confesso entered in due course, the cause was not at issue, and the court could not proceed to final decree. The decree of September 24, 1923, was unauthorized and palpably erroneous in so far as it attempted to grant relief as a final decree on the merits of the cause, even though it were conceded that the respondent was properly before the court by the service of its process, or by voluntary appearance.

[6] As to that part of the decree which sustains the demurrer to the plea, a majority of the court, the writer and Gardner, J., dissenting, are of the opinion that it is not sufficient to defeat the local jurisdiction, since it shows the performance of corporate acts by the corporation's secretary at Birmingham, viz. the countersigning by him of certificates issued by the corporation, and does not sufficiently show that those acts were not "doing business" by the corporation within the state.

The decision of the court therefore is that the action of the trial court in sustaining the demurrer to the plea in question was the equivalent of a ruling that the plea was not

sufficient, and the decree in that behalf will be affirmed.

[7] The motion that every nonresident corporation against whom a judgment has been rendered in the circuit court at law is and remains personally before the courts of the same county in any other proceeding against it in those courts in equity, the purpose of which is to subject property to the satisfaction of the judgment at law, is entirely erroneous.

[8] It is of course correctly stated that—

"A court may entertain proceedings ancillary to the judgment, for jurisdiction once acquired is not exhausted by the rendition of judgment, but continues until such judgment is satisfied, and includes the power to issue all proper process and to take all proper proceedings for its enforcement." 15 Corp. Jur. 812 (108).

But this means a proceeding or a process which the law attaches to the original cause in judgment, either by statute, or by the established and inherent authority of the court, for the satisfaction of the judgment it has rendered; the proceeding being in the court that rendered such judgment.

It does not mean a proceeding in another court or jurisdiction, for, under our practice, at least, that proceeding would be a separate and distinct suit, for the purposes of which jurisdiction of the defendant's person must be acquired in the usual way, according to the practice of the court.

In Georgia it has been held that, where a judgment execution has been levied on land as the property of the defendant, and a nonresident of the county files a statutory claim to the land showing a legal title, such claimant is before the court for every purpose germane to the determination of his claim; and hence that he cannot deny the venue jurisdiction of the same court in an equitable proceeding begun by the judgment plaintiff in aid of his levy, attacking the claimant's title for fraud. Thomason v. Thompson, 129 Ga. 440, 59 S. E. 236, 26 L. R. A. (N. S.) 536, 543. There may be good reason for that decision, but the case is materially different from the case at bar.

In some states, either by statute or by long-settled practice, a supplementary proceeding of an equitable nature in the court rendering the judgment may be filed by the judgment plaintiff in aid of his judgment. The proceeding is regarded merely as an amendment and extension of the original complaint, as to which the original jurisdiction of subject-matter and person continues. Mutual Reserve Ass'n v. Phelps, 190 U. S. 147, 159, 23 Sup. Ct. 707, 47 L. Ed. 987. But in Alabama such a proceeding is unauthorized and unknown to the practice of our courts. Though courts of law and equity have been consolidated in our circuit courts,

the jurisdiction, procedure and practice remain separate and distinct, and cannot be blended and exercised in one and the same proceeding, whether at law or in equity.

Our conclusion therefore is that the judgment at law against the defendant corporation did not of itself give continued jurisdiction of its person in any proceeding of purely equitable cognizance on the equity side of the court, though limited in its purpose to securing satisfaction of the judgment at law.

[9] Under section 2838 of the Code, an appeal is authorized from any decree sustaining or overruling a plea to a bill in equity, to be taken within 30 days from the rendition of the decree.

It follows from the views above set forth that the decree of the circuit court in equity (dated September 24, 1923) was erroneous in so far as it granted relief. It will therefore be reversed, and the cause will be remanded for further proceedings in accordance with this opinion.

Reversed in part and remanded.

All the Justices concur in the reversal.

SOMERVILLE and GARDNER, JJ., dissent in part.