(101 South. 423)

**INTERNATIONAL MOVING PICTURE & FILM CO. v. SMITH.  (6 Div. 163.)**

(Supreme Court of Alabama.  June 23, 1924.
Rehearing Denied Oct. 9, 1924.)

**1. Equity ⬅➡220—That bill against corporation should affirmatively show its domicile matter for plea and not demurrer.**

That bill against defendant corporation should show affirmatively that corporation is domiciled in this state or is doing business herein is matter for plea and not for demurrer.

**2. Equity ⬅➡220—Court's inability to enforce decree not raised by general demurrer.**

In judgment creditor's bill against corporation debtor, seeking conveyance of corporation's patent rights to receiver to be sold and proceeds applied to judgment, fact that court will be unable to reach and condemn patent rights held under federal government in another state is not raised by general demurrer.

Appeal from Circuit Court, Jefferson County; Wm. M. Walker, Judge.

Bill in equity by Mary C. Smith against the International Moving Picture & Film Company.  From a decree overruling demurrer to the bill, respondent appeals.  Affirmed.

William Vaughan and Baugh & Emmerson, all of Birmingham, for appellant.

Counsel argue for error in the decree, but without citing authorities.

W. A. Denson, of Birmingham, for appellee.

No brief reached the Reporter.

SAYRE, J.  The nature of the proceeding in this cause sufficiently appears from the report of a former appeal.  99 South. 303.[1] Upon the return of the cause to the trial court demurrer to complainant's (appellee's) bill was filed, and the present appeal is brought to test the correctness of the decree by which the trial court overruled defendant's demurrer.

[1] Appellant's proposition now is that appellee's bill is wanting in equity, for the reason that the local jurisdiction of the court does not affirmatively appear on the face of the bill.  The proposition cannot be maintained.  Appellee's bill seeks a decree in personam to the extent, at least, that it would require appellant to convey its patent rights to a receiver to be appointed by the court to the end that such receiver may dispose of such patent rights and, under direction of the court, apply the proceeds in satisfaction of appellee's judgment.  The demurrer does not bring into question the service of process.  It asserts, in effect, merely that to show equity the bill should show affirmatively that defendant, appellant corporation, is domiciled in this state or is doing business herein.  Our judgment is that in the circumstances shown this is matter for plea, not demurrer, and hence that appellant's demurrer was properly overruled.

[2] In appellant's brief there is incidental and remote mention of appellant's insistence that by this proceeding the court will not be able to reach and condemn patent rights held under the federal government in another state.  But that question is not raised by the demurrer which is merely general, nor is it the duty of this court in the present status of the record to anticipate what difficulty appellee may have in bringing the trial court to a final decree by which she may have satisfaction of her judgment after the manner contemplated in her bill.  No reason appears for doubting the general equity of appellee's bill.  If there be difficulties arising out of the local jurisdiction of the court, they remain to be brought forward for adjudication in the further progress of the cause.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

