(102 So. 620)
**WORTHINGTON v. MORRIS et ux.**
**(6 Div. 274.)**

(Supreme Court of Alabama. Jan. 15, 1925.)

I. **Appeal and error ☜78(3)—Decree overruling plea in bar to bill held to constitute an interlocutory decree and not appealable.**

Under Code 1907, § 2838, as amended by Gen. Acts 1915, p. 137, no appeal is allowed from decree overruling plea in bar to bill to quiet title, because it is not final.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Appeal and error ⬅792—Appeal from decree overruling defendant's plea in bar to bill dismissed by court ex mero motu.**

Appeal from decree overruling defendant's plea, in bar to bill to quiet title in equity, was required to be dismissed by appellate court ex mero motu, because Gen. Acts 1915, p. 137, amending Code 1907, § 2838, did not authorize appeal.

**3. Appeal and error ⬅17—Court without jurisdiction of appeal where not authorized by statute.**

Court was without jurisdiction of appeal from decree overruling defendant's plea in bar to a bill in equity to quiet title where appeal was not authorized by statute.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by T. J. Morris and Mary M. Morris against M. P. Worthington. From the decree, defendant appeals. Appeal dismissed.

W. T. Edwards, of Birmingham, for appellant.

H. M. Abercrombie, of Birmingham, for appellees.

In view of the decision, it is not necessary that briefs of counsel be here set out.

MILLER, J. This is a bill in equity by T. J. Morris and Mary M. Morris, complainants, against M. P. Worthington, defendant. The bill as originally filed was under the statute to quiet title to the land of complainants. It was afterwards amended by alleging two mortgages were given thereon by complainants to defendant, various acts of fraud in the foreclosure of one of the mortgages by the mortgagee, a purchase of the land by mortgagee at the sale, and asking for an accounting between the parties, and redemption of the land.

The defendant filed a plea, verified by affidavit, in bar of this cause of action in the bill of complaint, in which he states and avers:

"That heretofore, to wit, the 4th day of April, 1923, the complainants filed their bill of complaint in this court against this respondent, for the same matters and to the same effect, and for the like relief and purpose as against this respondent, as said complainants prays [pray] by their present bill, to which said bill this respondent filed demurrers, and the said former cause was set down to be heard, and said bill and cause was on the 9th day of November, 1923, dismissed out of this court, for the want of prosecution, by a decree rendered by this honorable court on said date."

This cause was submitted to the court by the parties upon the legal sufficiency of that plea; the court by decree held the plea insufficient and overruled it, and allowed defendant 10 days within which to further plead. This decree was rendered on July 24, 1924, and the defendant appealed from this decree, and gave security for cost thereof on August 20, 1924. This decree is the only error assigned.

[1] This is not a final decree; it is an interlocutory decree, and, under the statute (section 2838, Code 1907) as amended (Gen. Acts 1915, p. 137), no appeal is allowed from such a decree to this court. Prior to this amendment the statute (section 2838, Code of 1907) permitted appeals to this court from a decree sustaining or overruling a plea to a bill in equity. Section 2838, Code 1907. After the statute as amended, an appeal from a decree sustaining or overruling a plea to a bill of complaint was not allowed. Section 2838, Code 1907, as amended Gen. Acts 1915, p. 137. This decree was rendered and this appeal was taken after the amendment of section 2838, Code 1907, was adopted, and it applies to this proceeding.

[2, 3] This appeal must be and is dismissed by this court ex mero motu, because the statute does not authorize it, and this court, without authority by statute, cannot take jurisdiction of it. Clark v. Spencer, 80 Ala. 345; Shoe Company v. Gunn, 123 Ala. 640, 26 So. 198, and authorities, supra. See section 3115, Code 1907, now section 6547, Code 1923, as to pleading specially to a bill in equity.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.