### Ex parte ADAMS. (6 Div. 848.)

Supreme Court of Alabama. May 26, 1927.

**1. Appeal and error ⚖⇒105—Mere dismissal, not followed by judgment for costs, will not support appeal.**

Mere dismissal of cause or striking from docket, not followed by judgment for costs, is not such judgment as will support an appeal.

**2. Mandamus ⚖⇒4(3)—Dismissal of case, not followed by judgment for costs, held reviewable by mandamus; not being appealable.**

Action of court in dismissing cause, not followed up by judgment for costs, held re-viewable by mandamus, as mere dismissal will not support appeal.

**3. Abatement and revival ⚖⇒9—Pendency of suit for injuries brought by deceased held defense in abatement against death action by administrator charging identical wrongful acts previously charged (Code 1923, §§ 5657, 5696).**

Pendency of suit by deceased for unlawful arrest and imprisonment held defense in abatement, under Code 1923, § 5657, as against suit by administrator for wrongful death under Code 1923, § 5696, charging commission of same acts of defendant as cause of death as were charged in deceased's complaint.

**4. Abatement and revival ⚖⇒8(6)—Cause of action for false imprisonment asserted before death, held identical with administrator's cause of action for death, based on identical charge (Code 1923, §§ 5657, 5696).**

Cause of action for unlawful arrest and imprisonment, asserted before death, held identical with administrator's cause of action for wrongful death of former plaintiff, under Code 1923, § 5696, charging death was caused by wrongful acts previously alleged, under Code 1923, § 5657.

**5. Abatement and revival ⚖⇒8(1)—Identity of cause of action, not its result, determines whether another action pending is for same cause (Code 1923, § 5657).**

Question whether another action pending involves same cause of action under Code 1923, § 5657, depends upon identity of causes of action, not result.

**6. Death ⚖⇒15—Basis of action for death is wrongful act or omission of defendant (Code 1923, § 5696).**

Wrongful act or omission is basis of action, under Code 1923, § 5696, permitting recovery for death caused by act or conduct of defendant, if intestate could have recovered for such act or wrong if living.

**7. Death ⚖⇒21—Defense available in action by deceased is available in action for death based on same wrongful act (Code 1923, §' 5696).**

Any defense available in action by deceased, if death had not resulted, is likewise available in action brought for same wrongful act under death statute (Code 1923, § 5696).

**8. Abatement and revival ⚖⇒9—Effect of pendency of former suit is not avoided by including new parties.**

Effect of pendency of former suit as matter of abatement is not avoided by raising new questions as to new parties brought in on second suit.

**9. Pleading ⚖⇒111—Under plea of former action pending, asserted by one defendant alone, suit was properly abated as to him, notwithstanding joinder of another defendant not previously made party.**

Plea in abatement of defendant against whom former action was pending held properly sustained, notwithstanding another defendant was joined in second action, where plea was asserted by first defendant alone.

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

216 ALA.—16

Original petition of E. Y. Adams, as administrator of the estate of Lillian Douglas, deceased, for mandamus, to Hon. Joe C. Hail, Judge of the Tenth Judicial Circuit. Mandamus denied.

In substance, the petition alleges:

On October 5, 1925, Lillian Douglas filed summons and complaint in the circuit court of the Nineteenth judicial circuit against Louis Pizitz Dry Goods Company, a corporation, the complaint claiming damages for the unlawful arrest and imprisonment of plaintiff, on September 14, 1925, on a charge of larceny, for several hours, in defendant's storehouse, by servants or agents of the defendant; plaintiff being restrained of her liberty and threatened, coerced, intimidated, and forced by threats of prosecution to sign a confession of guilt—averring injury to health and damage to reputation. On October 21, 1921, defendant appeared and filed a demurrer to the complaint. Thereafter May 20, 1926, Lillian Douglas died. August 10th following petitioner, Adams, was appointed administrator of her estate. September 4th petitioner filed a motion in the circuit court to revive the suit in the name of petitioner as administrator. October 2d the respondent judge overruled said motion to revive.

On September 13th petitioner filed summons and complaint in the name of E. Y. Adams, who sued as the administrator of the estate of Lillian Douglas, deceased, plaintiff, against Louis Pizitz Dry Goods Company, a corporation, and Isadore Pizitz, defendants; the complaint alleging the wrongful imprisonment of plaintiff's intestate, on September 14, 1925, by servants or agents of defendants, who wrongfully deprived her of her liberty for several hours, accused her of grand larceny, threatened her with criminal prosecution, intimidated and browbeat her, etc., as a proximate consequence of which plaintiff's intestate was made sick, which sickness continued to grow worse until she died on May 20, 1926.

On September 30, 1926, defendant Louis Pizitz Dry Goods Company, a corporation, filed plea in abatement of the suit by the administrator, alleging the pendency of the former suit. On November 13, 1926, the corporate defendant filed a motion to dismiss and abate the suit by administrator because of the pendency of the former suit. On December 11, 1926, the respondent judge granted said motion to dismiss.

The prayer is for a writ of mandamus, directed to the respondent, requiring him to vacate the order of dismissal entered by him on December 11, 1926, and restoring the cause to the docket of the court.

H. M. Abercrombie, of Birmingham, for appellant.

Mandamus is the proper remedy. Ex parte State ex rel. Stow, 51 Ala. 69; Ex parte S. & R. McLeod, 20 Ala. App. 641, 104 So. 688; Ex parte Gay, 213 Ala. 5, 104 So. 898; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Ex parte State ex rel. Attorney General, 142 Ala. 87, 38 So. 835, 110 Am. St. Rep. 20. A personal representation may maintain an action and recover damages for wrongful act, omission, or negligence, whereby the death of the testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, if it had not caused his death. Code 1923, § 5696. A suit will not be dismissed or abated on account of another suit pending, unless both suits are for the same cause and against the same party and seeking substantially the same relief. Code 1923, § 5657; Ex parte Barclay-Hays L. Co., 211 Ala. 500, 101 So. 179; Lawrence v. Seay, 179 Ala. 386, 60 So. 937. Unless there is a final judgment rendered in the cause and one of the parties taxed with the costs, an appeal will not lie, and the remedy is by mandamus. Davis v. McColloch, 191 Ala. 520, 67 So. 701; Plunkett v. Dendy, 197 Ala. 262, 72 So. 525; 3 Words and Phrases, First Series, 2774, 2775, 2779.

Leader & Ullman and R. B. Evins, all of Birmingham, for appellee.

Petitioner's remedy, if any, is by way of appeal. Ex parte Smith, 168 Ala. 179, 52 So. 895; Townley v. Burgin, 14 Ala. App. 557, 69 So. 591. Petitioner was not entitled to maintain the suit brought by him while the suit brought by Lillian Douglas was pending. Lawrence v. Seay, 179 Ala. 386, 60 So. 937; Coaldale Brick & Tile Co. v. Southern Const. Co., 110 Ala. 605, 19 So. 45; Jones v. McPhillips, 82 Ala. 102, 2 So. 468; Ex parte Dunlap, 209 Ala. 453, 96 So. 441.

ANDERSON, C. J. [1, 2] It seems from the former decisions of this court that, when a cause is dismissed or stricken from the docket without more, it is not such a final judgment as will support an appeal. Ex parte Attorney General, 142 Ala. 87, 38 So. 835, 110 Am. St. Rep. 20; Davis v. McColloch, 191 Ala. 520, 67 So. 701. It seems, however, that, where the dismissal is followed up by a judgment in favor of defendant against the plaintiff for the cost, it is such a judgment as will support an appeal, and mandamus is not the proper remedy to revise the action of the trial court. Ex parte Hendree, 49 Ala. 360. We think, however, that the record in the instant case shows that it was merely dismissed and was not followed up by a judgment for cost. Indeed, this is all that is shown by the record which purports to contain the orders of the trial court. It is true that the answer of the respondent, after showing a dismissal of the cause, contains the following recital: "It is further ordered and adjudged by the court that the plaintiff be taxed with all cost herein ac-

crued for which execution may issue." It is also true that the answer bears a certificate of the clerk, but which only goes to the correctness of the motion to dismiss or abate and does not refer to the order or orders of the count. On the other hand, the rebuttal record, as sent up, as disclosing the orders of the trial court, does not contain the quoted portion from the answer, and is accompanied by the clerk's certificate to the fact that it contains, not only a correct copy of the motion to dismiss or abate, but all orders thereon. We must therefore accept as true that the quoted portion of the answer as a part of the order was not made, and mandamus is the appropriate method to revise the action of the trial court in dismissing this cause as to the Pizitz corporation.

[3] Section 5657 of the Code says:

"No suitor is entitled to prosecute two actions in the courts of this state at the same time, for the same cause and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times."

[4-7] The plea in abatement in the instant case is under the latter part of this provision, and sets up the pendency of the former suit as a defense to the latter. Of course, the parties to the two suits must be the same and the cause of action, as set up in each suit must be the same. We think that the cause of action as set up in the two suits, while perhaps described in varying language, is identical—that is, the same wrong—though the last complaint charges the wrong as causing the death of the plaintiff in the first suit and said last suit is by her personal representative. As above noted, it is the identity or sameness of the cause of action and not the result of the same that must be the criterion. The last suit is under the homicide statute (section 5696 of the Code of 1923), and charges the death of the intestate to the thing for which she had sued before her death. This statute provides that the personal representative may recover for the death of the intestate, when caused by such act or conduct of the defendant, if the intestate could have recovered for such act or wrong if it had not caused death. The statute only applies when deceased could have maintained action had he survived, but the nature of the wrongful act or omission is the basis of the action. South & North R. R. v. Sullivan, 59 Ala. 272. Any defense is available if it had been available against an action by the deceased had death not resulted. Suell v. Derricott, 161 Ala. 259, 49 So. 895, 23 L. R. A. (N. S.) 996, 18 Ann. Cas. 636. The plaintiff, therefore, in the last suit stands in the shoes of the intestate, as the suit is by him in his representative capacity, and for all legal purposes the plaintiff in the two suits is the one and the same. In the case of Howell v. Howell, 171 Ala. 502, 54 So. 601, this court held a bill filed by Howell executor was no bar to one subsequently filed by Howell as an individual; thus laying down the rule that the party complainant, in legal effect, was the testator and not Howell.

[8, 9] It is contended in brief of counsel that the statute is not available because the defendants are not identical in the two suits; that the first suit was against the Pizitz corporation alone, while the second suit is against the corporation and Isadore Pizitz also. "The effect of the pendency of the former suit as a matter of abatement was not avoided by raising new questions as to new parties in the second suit along with the old question between the parties to both suits." Ex parte Dunlap, 209 Ala. 456, 96 So. 443. The plea in abatement and motion to dismiss was by the corporation alone and not Isadore Pizitz, and the cause was therefore necessarily abated or dismissed as to the corporation alone, and as to this the trial court did not err, and the petition for mandamus is denied.

Mandamus denied.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.