(117 So. 665)

**GARTH v. EWING et al.** (8 Div. 26.)

Supreme Court of Alabama. June 28, 1928.

144

E. W. Godbey, of Decatur, for appellant.

S. A. Lynne, of Decatur, for appellees.
Brief did not reach the Reporter.

BROWN, J. ▆ We are of opinion that the averments of the bill—"that it will be to the best interest of all parties to this suit, both as to the tenant for life, Robert A. Ewing, and the remaindermen, viz., the complainants James R. Ewing and Ruth K. Ewing, and the defendant, Theodus Garth, for the property hereinabove described to be divided and partitioned among them; that said land cannot be justly and equitably divided into parts, but that a sale of the same and a division of the proceeds among those interested will better promote the interest of all the parties in interest"—though inartfully drawn, when considered in connection with the other averments showing that the entire property is incumbered by the husband's statutory right of possession during his life, he having joined as a complainant, are sufficient to show that the land cannot be equitably divided between the joint owners without a sale thereof. Musgrove v. Aldridge, 205 Ala. 189, 87 So. 803; Smith v. Witcher & Hicks, 180 Ala. 102, 60 So. 391; Carson v. Sleigh, 201 Ala. 373, 78 So. 229; Wheat et al. v. Wheat et al., 190 Ala. 461, 67 So. 417; Sandlin v. Sherrill et al., 201 Ala. 692, 79 So. 264.

▆ The bill here only prays for a sale for division, and is not subject to the objection that it seeks inconsistent relief, as was the case in Smith v. Smith, 216 Ala. 570, 114 So. 192.

▆ The bill avers that lot 164, in King's addition to Decatur, Ala., "was homestead of Turner J. Hunt during his lifetime, and was bequeathed by a will to the said Missouri Ewing, *the absolute title being vested in her.*" These averments, ignoring the conclusion of the pleader, italicized, construed most strongly against the pleader, are clearly insufficient to show that the title has passed out of said Hunt, and, even assuming Hunt's death, a fact not averred, and that it is his will under which the complainants claim through Missouri Ewing, still it does not show that the will has been probated so as to pass the title into Mrs. Ewing; nor does the bill negative the interest of Hunt's estate, so as to relieve the complainants of the necessity of making his personal representative a party. The demurrer touching this part should have been sustained. Smith v. Smith, supra.

Proceeding under the statute to relieve a minor of the disabilities of nonage is necessarily a matter of record, and may relieve such disability generally or only to a limited extent. Code of 1923, §§ 8284, 8285.

▆▆ Where, as here, such proceeding is relied on to authorize a suit against the minor, it should be specifically pleaded, setting out the proceeding in the bill, or attaching a copy thereof as exhibit thereto, so that the court on examination of the bill may determine the right of the complainant to proceed without the appointment of a guardian ad litem to represent the minor. Averments as to such matters, based on information and belief, are not permissible. While the following authorities are not directly in point, they indirectly support this view. Lange v. Hammer, 157 Ala. 322, 47 So. 724; McDonald v. Mobile Life Ins. Co., 56 Ala. 468; Cockrell v. Gurley, 26 Ala. 405.

▆ Averments in the bill that there has been no final settlement of the administration of the estate in the probate court are not sufficient to show that proceedings to that end have not been commenced, or that the jurisdiction of that court has not been invoked to order a sale of the property for division and distribution among the joint owners, on the ground that it cannot be equitably partitioned. The averments of the bill are not verified, nor does it pray for a removal of the administration of the estate from the probate court to the circuit court for further administration. Dooley v. Dooley, 205 Ala. 281, 87 So. 545.

▆ To avoid clash of jurisdiction between the probate court and the circuit court, the latter court should not proceed further without an order removing the administration of the estate into the circuit court. Gay, Hardie & Co. v. Brierfield Coal & Iron Co., 94 Ala. 303, 11 So. 353, 16 L. R. A. 564, 33 Am. St. Rep. 122.

As we have indicated, some of the grounds

of demurrer are well taken, and the circuit court erred in overruling the demurrer.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.