6 So.2d 892

**AUSTIN v. EYSTER.**

**8 Div. 169.**

Supreme Court of Alabama.

March 12, 1942.

Milo Moody, of Scottsboro, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

LIVINGSTON, Justice.

Appeal by David S. Austin, complainant in the court below, one of the heirs and distributees of D. O. Austin, deceased, from an order of the Circuit Court of Jackson County, in equity, sustaining respondent's plea in abatement and dismissing his bill, which seeks to sell lands belonging to the estate of D. O. Austin, deceased, for division among the heirs at law.

D. O. Austin departed this life intestate, leaving surviving him the appellant David S. Austin, appellee Elizabeth B. Eyster and Mrs. Ola B. McCracken as his sole and only heirs at law.

On March 18, 1941, letters of administration were duly granted to Elizabeth B. Eyster upon the estate of her father, D. O. Austin. Thereafter, appellant had the administration of the estate removed from the probate court to the circuit court, in equity. After removal to the circuit court, and within six months of the grant of letters of administration appellant filed his bill of complaint in the circuit court, in equity, against appellee, Elizabeth B. Eyster, Ola McCracken and H. C. Hayes, seeking to sell lands belonging to the estate of D. O. Austin, deceased, for division.

On June 20, 1941, after the above mentioned bill had been filed, the administra-

trix filed a sworn petition or bill in the circuit court, in equity, in which it is averred that it is necessary for her as such administratrix to sell the lands of the estate of D. O. Austin, deceased, to pay debts.

To the bill of complaint filed by appellant, D. S. Austin, the administratrix in her representative capacity filed a plea in abatement, setting up the pendency of the administration, the existence of debts, and the insufficiency of the personal property to pay them, and the pendency of her bill as administratrix to sell the lands of D. O. Austin to pay debts. The plea was sustained, and the bill of complaint of appellant David S. Austin was dismissed: hence this appeal.

■ When the personal property of a decedent, in case of intestacy, is insufficient for the payment of debts of the estate, the lands may be sold by the administrator. Code of 1923, section 5848, Code of 1940, Title 61, section 244. The right of an administrator to sell land to pay debts of his intestate is wholly statutory, and he alone can do so on the conditions and in the manner prescribed by the statute. Kirkbride et al. v. Kelly et al., 167 Ala. 570, 52 So. 660; Ex parte Stephens, 233 Ala. 167, 170 So. 771.

In the case of Boyte v. Perkins, 211 Ala. 130, 99 So. 652, 653, this Court said:

"All the real estate of a decedent, subject to dower and homestead, is assets of the estate subject to the payment of debts, if the personalty is insufficient for that purpose. The administrator is a trustee charged with the duty to take possession of the real estate, rent it, and, in due course, sell it, if need be, for the payment of debts. * * *

"As long, however, as there are outstanding debts to be paid, and no personal property to pay them, it is his duty to intercept the rents and sell the lands, if need be, to pay creditors. He cannot be controlled by the heirs, nor take orders from them. The duty and responsibility is upon the administrator."

■ The trial court correctly sustained the plea in abatement and dismissed appellant's bill.

■ In addition to the foregoing, the order appealed from is not such a decree as will support an appeal. The statute, section 6079, Code of 1923, Code of 1940,

Title 7, section 755, does not authorize an appeal from decrees overruling or sustaining pleas. Worthington v. Morris et al., 212 Ala. 334, 102 So. 620; State v. Jabeles, 203 Ala. 670, 85 So. 16; Bullen v. Bullen, 231 Ala. 192, 164 So. 89.

Nor does it authorize an appeal from a decree striking a complaint without more. Davis v. McColloch, 191 Ala. 520, 67 So. 701; Graves et al. v. Barganier, et al., 223 Ala. 167, 134 So. 874.

Appeal dismissed.

GARDNER, C. J., THOMAS, and BROWN, JJ., concur.