89 So.2d 77

**Ellen DORROUGH et al.**

v.

**Sam B. McKEE et al.**

**5 Div. 586.**

Supreme Court of Alabama.

June 21, 1956.

Rehearing Denied Aug. 2, 1956.

Robert E. Varner, Montgomery, and Walker & Walker, Opelika, for appellants-petitioners.

Henry Neil Segrest and Russell & Russell, Tuskegee, for appellee.

LAWSON, Justice.

On December 17, 1952, Ellen Dorrough and Clara Bell Kimbrough filed their bill in the circuit court of Macon County, in equity, seeking sale of land for division of proceeds among tenants in common. The respondents to the bill, twelve in number, together with the complainants, are alleged to be the heirs at law of Mary Louise McKee, who died intestate on June 19, 1952. One of the respondents, Sam B. McKee, is sued in his individual capacity and as administrator of the estate of Mary Louise McKee. The bill does not allege where the administration of the estate of Mary Louise McKee is pending or on what date letters of administration were granted to Sam B. McKee.

The land sought to be sold for division is approximately 140 acres situate in Macon County, which is specifically described.

The bill avers the interest in the suit property of each alleged tenant in common. According to the averments of the bill, the property cannot be equitably divided without a sale. The bill further alleges: "The personal property of said estate is sufficient to pay the said decedent's debts if any."

On March 25, 1953, there was filed the following sworn plea in abatement:

"Comes the Respondents, Sam B. McKee, individually and as Administrator of the Estate of Mary Louise McKee, deceased, James T. McKee, Stephen A. McKee, Lawrence Evans and Claudia M. Heirsman, and Odessa Berry, and for the sole and only purpose and for no other purpose in abatement of said suit in the above named cause and pleads:

"1. That at the time of the filing of the Bill of Complaint in this cause, to sell real estate belonging to Mary Louise McKee at the time of her death, the administration of the Estate of Mary Louise McKee, deceased, was pending in the Probate Court of Macon County, Alabama. That no petition has been filed requesting that the administration of the said Estate be removed to the Circuit Court, In Equity, and that no order has been made by the Circuit Court of Macon County, In Equity, to remove the administration of said Estate to the Circuit Court of Macon County, In Equity.

"2. That Sam B. McKee, the Administrator of the Estate of Mary Louise McKee, has filed a petition in the Probate Court of Macon County, Alabama, upon the written request of James T. McKee, an adult heir of the said estate to sell the real estate for distribution among the heirs of said estate according to the Alabama Code of 1940, Title 61, Sections 245 & 246."

Thereafter on June 3, 1953, the complainants filed their motion, containing eleven grounds, to strike the plea in abatement.

Before any action was taken on the motion to strike the plea in abatement, the complainants filed the following motion:

"Come Now the complainants, Ellen Dorrough and Clara Bell Kimbrough, and, without waiving their motion on file to strike the plea in abatement but insisting upon the same, move the Court that as provided by Equity Rule 16 the plea in abatement on file in this cause be set down for hearing to test its sufficiency."

October 8, 1953, was the day set by the trial court for hearing the motion to strike the plea in abatement as well as the day set for the hearing as to the sufficiency of said plea. Thereafter on November 3, 1953, the trial court rendered the following decree:

"This cause coming on to be heard is submitted to the court for decree upon the motion of the complainants to strike the plea in abatement filed by the respondents, which plea in abatement was filed by said respondents on March 25, 1953.

"This cause is further submitted to the court upon the motion of the complainants to test the sufficiency of said plea in abatement filed by the respondents.

"This court heard the arguments of the solicitors of record representing the parties litigant in this cause, and the court has had the benefit of excellent briefs filed by the solicitors of record representing said parties.

"Upon consideration, therefore, the court is of the opinion that the motion of the complainants to strike the plea in abatement filed by the respondents is not well taken and ought to be overruled. It is, therefore, ordered, adjudged and decreed by the court that the motion of the complainants in this cause to strike the plea in abatement filed by the respondents, be and the same is hereby overruled.

"And upon consideration of the motion to test the sufficiency of the plea in abatement filed by the respondents, it is ordered, adjudged and decreed by the court that said plea in abatement filed by the respondents to the original bill of complaint in this cause is sufficient, is a good plea, and the plea in abatement is therefore sustained, and the bill of complaint in this cause is hereby dismissed."

From that decree the complainants have sought to prosecute an appeal to this court.

Submission here by the appellants was on the merits and on a motion for the alternative writ of mandamus and by the appellees on their motion to dismiss the appeal.

### Motion to Dismiss Appeal

█ No appeal can be taken from a decree or judgment overruling or sustaining the sufficiency of a plea.—§§ 745, 755, Title 7, Code 1940; State v. Jabeles, 203 Ala. 670, 85 So. 16; Worthington v. Morris, 212 Ala. 334, 102 So. 620; Bullen v. Bullen, 231 Ala. 192, 164 So. 89; Austin v. Eyster, 242 Ala. 402, 6 So.2d 892; Rowe v. Bonneau-Jeter Hardware Co., 245 Ala. 326, 16 So.2d 689, 158 A.L.R. 1266; Dobbs Truss Co., Inc., v. Sutherland, 256 Ala. 581, 56 So.2d 638; Forbes v. Summers, 259 Ala. 271, 66 So.2d 762.

But the decree of the trial court here sought to be reviewed by appeal concludes: "* * * and the bill of complaint in this cause is hereby dismissed." The appellants contend that the quoted language makes the decree such a final decree as will support an appeal. We cannot agree. In Ex parte Adams, 216 Ala. 241, 242, 113 So. 235, 236. Chief Justice Anderson, writing for the court, said:

"It seems from the former decisions of this court that, when a cause is dismissed or stricken from the docket without more, it is not such a final judgment as will support an appeal. Ex parte [State ex rel.] Attorney General, 142 Ala. 87, 38 So. 835, 110 Am. St.Rep. 20; Davis v. McColloch, 191 Ala. 520, 67 So. 701. It seems, how-

ever, that, where the dismissal is followed up by a judgment in favor of defendant against the plaintiff for the cost, it is such a judgment as will support an appeal, and mandamus is not the proper remedy to revise the action of the trial court. Ex parte Hendree, 49 Ala. 360. * * *"

In Graves v. Barganier, 223 Ala. 167, 134 So. 874, on an appeal from a decree striking the bill of complaint in an equity case, the author of the opinion in the Adams case, supra, writing for the court, said in part as follows: "Whatever may be the rule in other jurisdictions, our court has long been committed to the rule that an order of the trial court in striking a complaint without more will not support an appeal, but can be reviewed by mandamus. Davis v. McColloch, 191 Ala. 520, 67 So. 701, and cases cited."

■ The record in the instant case shows that the bill of complaint was merely dismissed and that such order was not followed up by a decree for costs. Under the rule of our cases the appeal is due to be dismissed. Davis v. McColloch, 191 Ala. 520, 67 So. 701; Graves v. Barganier, supra; Cooper v. Cooper, 216 Ala. 366, 113 So. 239; Townsend v. McCall, 262 Ala. 235, 78 So.2d 310.

It is so ordered.

### Motion for Alternative Writ of Mandamus

We come now to a consideration of the written motion for alternative writ of mandamus.

■ We do not ordinarily entertain a petition or motion for mandamus to review a ruling of the trial court on the sufficiency of a plea in abatement, which is subject to review on appeal from a final decree. But we have done so when adequate relief was not available on appeal from the final decree. Ex parte Morton, 261 Ala. 581, 75 So.2d 500, and cases cited.

In the case at hand the trial court has rendered a decree dismissing the complainant's bill. Yet the decree is not in such form as to support an appeal. Mandamus is the proper method of reviewing the action of the trial court in dismissing the bill in question. Ex parte Adams, supra; Davis v. McColloch, supra. We also think that under the circumstances which prevail that in the mandamus proceeding we should review the action of the trial court upholding the legal sufficiency of the plea in abatement.

■ As pointed out in several of our cases, a demurrer to a plea in an equity case is not contemplated. Ex parte Morton, supra; International Moving Picture & Film Co. v. Smith, 211 Ala. 3, 99 So. 303; Glasser, Kuder & Ottensosser v. Meyrovitz, 119 Ala. 152, 24 So. 514. But when a plea is set down for argument in an equity case the inquiry is substantially as it would be on a demurrer to the plea. The only question considered is the sufficiency of the plea as a defense. For the purpose of determining that question, the plea is construed most strongly against the pleader and the truth of the facts alleged is admitted for the sole purpose of determining the sufficiency of the plea as a defense. The respondent is not to be relieved of the burden of proving his plea even though it be held legally sufficient. Templeton v. Scruggs, 234 Ala. 146, 174 So. 237; Badham v. Badham, 244 Ala. 622, 14 So.2d 730; Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399. See 30 C.J.S., Equity, § 326, p. 746, and "Pleas in Equity," by the late Judge E. M. Creel, Alabama Lawyer, Vol. 13, No. 2, p. 125.

The holding by the trial court "that said plea in abatement filed by the respondent to the original bill of complaint in this cause is sufficient, is a good plea, and the plea in abatement is therefore sustained, etc." did not authorize the court to dismiss the bill of complaint. The record does not disclose a joinder by the complainants on the plea in abatement. The complainants did not amend their bill after the sufficiency

of the plea was sustained. No proof of the averments of the plea was adduced. As heretofore indicated, there is a distinct difference between a decree sustaining the sufficiency of a plea on a hearing of the kind here involved and a decree in favor of the respondent after a hearing on the merits. Templeton v. Scruggs, supra.

■ The submission being only to test the sufficiency of the plea, it was error to dismiss the bill even though it be assumed that the court correctly determined the plea to be legally sufficient. Badham v. Badham, supra. The action of the trial court in dismissing the bill after finding the plea sufficient is tantamount to dismissing a complaint after overruling a demurrer to a plea in a case on the law side which, of course, would be improper. In brief filed here in support of the trial court's action in dismissing the bill, counsel for appellees relies upon the case of Austin v. Eyster, 242 Ala. 402, 6 So.2d 892, 893, wherein the trial court sustained the plea in abatement in a case somewhat similar to the one at bar and then dismissed the bill. Although we dismissed the appeal in that case, we stated in the opinion: "The trial court correctly sustained the plea in abatement and dismissed appellant's bill." At this point in the opinion we are not concerned with the correctness of the statement to the effect that the trial court correctly sustained the plea in abatement, but we are compelled to observe that we were in error in holding that the bill of complaint was correctly dismissed and to that extent the opinion in Austin v. Eyster, supra, will not be followed. Badham v. Badham, supra. Perhaps it is well to state also that we erroneously dismissed the appeal in the case of Austin v. Eyster, supra, inasmuch as examination of the original transcript in that case discloses that the bill was not only dismissed but the costs were taxed against the complainant, hence it was a final decree from which an appeal could be taken to this court. Ex parte Hendree, 49 Ala. 360; Ex parte Adams, supra.

■ Since the respondents had not pleaded on the merits or otherwise waived their right to file a plea in abatement, the trial court had a discretion to allow the plea although it was not filed within the period of time provided in Equity Rule 17, Code 1940, Tit. 7, Appendix. Dorrough v. Mackenson, 229 Ala. 336, 157 So. 257, and cases cited; Ex parte Anderson, 242 Ala. 31, 4 So.2d 420; Ex parte Union Planters Nat. Bank & Trust Co., etc., 249 Ala. 461, 31 So.2d 596.

We come now to a consideration of the question as to whether the trial court correctly sustained the sufficiency of the plea in abatement.

■ There are two occasions when an administrator is empowered to sell the lands of the decedent. One is when the personal property is insufficient to pay debts and it is necessary to resort to the lands for that purpose. § 244, Title 61, Code 1940. This is a mandatory duty, part of the general duty to faithfully administer the estate. The other is for a division among the heirs of the estate when the lands cannot be equitably divided when one or more of the adult heirs files a written consent to the sale. § 245, Title 61, Code 1940; Boyte v. Perkins, 211 Ala. 130, 99 So. 652.

The plea in abatement alleges that the petition was filed in the probate court by the administrator under the provisions of § 245, Title 61, supra, at the request of an adult heir. When the plea is construed most strongly against the pleader, it appears that the lands of the intestate are not needed to pay the debts of her estate or the costs of administration and that the time for filing claims against the estate has expired. True, the plea does not expressly allege the date on which letters of administration were issued to the respondent Sam B. McKee, but the plea was filed more than six months after the death of the intestate and since it is to be assumed that the administrator put forward his best case in the plea, it follows that the plea is subject to the construction that let-

ters of administration were granted to the administrator by the probate court of Macon County more than six months, §§ 210, 211, Title 61, Code 1940, prior to the time the plea was filed.

Since there is no question of dower or homestead rights involved and the lands of the estate are not needed to pay debts of the estate or costs of administration, the following cases relied upon by the respondents below are not controlling here. Garth v. Ewing, 218 Ala. 143, 117 So. 665; Ex parte Stephens, 233 Ala. 167, 170 So. 771; Austin v. Eyster, supra; Jordan v. Jordan, 251 Ala. 620, 38 So.2d 865; Luker v. Hyde, 253 Ala. 283, 45 So.2d 32. And in some of the cases just cited the question was the suffciency of the bill as against demurrer rather than the sufficiency of a plea in abatement as a defense to a bill in equity.

The circuit court, in equity, first took cognizance of this matter. § 186, Title 47, Code 1940. The general rule is that when two courts have concurrent jurisdiction, the court which first takes cognizance in a case has the right to retain it to the exclusion of the other. Gay, Hardie & Co. v. Brierfield Coal & Iron Co., 94 Ala. 303, 11 So. 353. We think that rule applicable here since the administrator, who was made a party to the bill in equity, has filed a plea in abatement wherein he fails to show any legal reason why the matter should not proceed in the equity court. A contrary holding would, in our opinion, give to the administrator, under the provisions of § 245, Title 61, rights prior to those conferred upon the heirs at law as tenants in common or joint owners under the provisions of § 186, Title 47, Code of 1940, which we do not believe was the legislative intent.

The questions which are presented here have not proven easy of solution. The case has been given our studied consideration and we do not believe that the conclusion reached as to the insufficiency of the plea in abatement does violence to any of our cases which relate to the general sub-

ject of jurisdiction of the circuit courts in equity and the probate court in cases involving the sale for distribution of lands of an estate.

We are of the opinion that the plea in abatement fails to show a defense to the bill in equity and that the trial court erred in holding to the contrary.

If upon being advised of this opinion the trial judge shall refuse or fail to vacate the decree upholding the sufficiency of the plea in abatement and dismissing the bill, a peremptory writ will be ordered by this court upon the further application of the complainants below.

Writ of mandamus awarded conditionally.

SIMPSON, STAKELY, GOODWYN, MERRILL and SPANN, JJ., concur.

LIVINGSTON, C. J., not sitting.