231 So.2d 314

Ex parte STATE ex rel. R. Frank USSERY, as Superintendent of Insurance, etc.

In re R. Frank USSERY, etc.

v.

Honorable Eugene W. CARTER, as Judge, etc.

3 Div. 434.

Supreme Court of Alabama.

Feb. 5, 1970.

---

George S. Brown, Sp. Asst. Atty. Gen., Birmingham, for petitioner.

Sam Kaufman, II, Montgomery, Doss & Gorham, Birmingham, for respondent.

MERRILL, Justice.

This particular proceeding began as an original petition in this court seeking a writ of mandamus or, in the alternative, a writ of prohibition to set aside an order of the Circuit Court of Montgomery County relating to a case which had been pending in the Circuit Court of Jefferson County for some time. A brief, but not inclusive, statement of the history of the case follows to show why the order of the Circuit Court of Montgomery County should be set aside.

In February, 1967, the Superintendent of Insurance of Alabama filed a bill in equity against United Security Life Insurance Company, a corporation, alleging that its financial statement for the year 1966 showed that it was insolvent and prayed that an agent be appointed to take charge of the company and operate it until "its solvency is assured." The company admitted the allegations of the bill and the agent was appointed by Judge Barber, of Jefferson County, where the principal offices of the company were located.

Judge Barber, after investigation, felt that the company could be rehabilitated and directed the agent to proceed toward that goal.

Several matters were brought before this court in the nature of extraordinary writs and, on one occasion, Judge Barber appeared in person and told us he felt that he could protect the policyholders and the stockholders by a meaningful rehabilitation if he were given a little time and new litigation could be stopped. It appeared that a sale was in prospect and all parties seemed to be willing to await results.

But on May 19, 1969, a proceeding styled "STATE OF ALABAMA, EX REL. GEORGE LEWIS BAILES, JR., Petitioner vs. R. FRANK USSERY, AS SUPERINTENDENT OF INSURANCE OF THE STATE OF ALABAMA; and GULF AMERICAN FIRE AND CASUALTY COMPANY, a corporation, Respondents" was filed in the Circuit Court of Montgomery County, seeking a writ of mandamus to compel the United Security Life Insurance Company to cease issuing policies under the provisions of Tit. 28, §§ 58, 59 and 60, Code 1940.

The Circuit Court of Montgomery County issued a rule nisi on May 19, 1969, ordering the Superintendent of Insurance to notify the company to cease issuing policies or show cause why he should not do so.

In his demurrer, which was overruled, and in his return to the writ, the Superintendent of Insurance raised the point that the affairs of the company were under the jurisdiction of the Circuit Court of Jefferson County and the Montgomery Circuit Court was without jurisdiction to issue the

writ. At a hearing on July 17, the Superintendent of Insurance was ordered to notify the company to issue no more policies as of August 1, 1969, unless by August 11, he could show a sale or an infusion of new assets of the company.

The Superintendent then filed the present proceedings here on July 25, 1969. After a hearing, we granted an alternative writ of prohibition on the theory that where two courts have equal and concurrent jurisdiction, the court that first commences the exercise of its jurisdiction in a matter has the preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction. See Strother v. McCord, 222 Ala. 450, 132 So. 717; Ex parte Burch, 236 Ala. 662, 184 So. 694; Dorrough v. McKee, 264 Ala. 663, 89 So.2d 77.

Return was made and oral argument was requested. The cause was continued by agreement and was argued on January 21, 1970. At that time, petitioner filed in this court a certified copy of a decree of the Circuit Court of Jefferson County, signed by Judge Barber, in the case before that court stating, in effect, that $6,433,576.04 worth of admissible assets had been infused into the company, that the company was purchased by Public National Life Insurance Company, that the company was dissolved as of 5:00 P. M., January 20, 1970, and the Judicial Agent would proceed to do the things necessary to close the matter and report to the court.

As can be seen, the matter is now practically moot, but since there is an order outstanding from the Montgomery County Circuit Court, which might interfere with the solution approved by Judge Barber, we issue the peremptory writ to the Montgomery Circuit Court to set aside its decree of July 17, 1969, and dismiss the cause.

Writ granted.

LIVINGSTON, C. J., and HARWOOD, MADDOX and McCALL, JJ., concur.